# Kelley's Estate (No. 1).

*Wills—Construction—Legacy — Revocation — Commissions — Surcharge—Life interest—Security.*

1. Testator by will gave to his nephew $10,000 absolutely. By a codicil he revoked this legacy and left "the same amount to my wife......in trust for" the nephew "to be disposed of as she may think best, either in buying a small farm or whatever is in her judgment for his best interest." By a second codicil he provided "the legacy to" his nephew "I leave in trust to" testator's wife "to dispose of as she thinks best." Upon this second codicil there was the following endorsement: "It is my intention that my wife shall have all I am possessed of during her life, except in case of remarriage when I wish it placed in trust for her free from interference of any one." Upon a contest between the heirs of the nephew and testator's widow, the Orphans' Court decided that the gift to the nephew by the will and first codicil was not revoked by the subsequent codicil and the same was awarded to the widow in trust for the nephew. *Held,* no error.

2. In such case the fact that the auditor appointed by the Orphans' Court did not further distribute the trust fund to and among those legally entitled thereto, although he could properly have done so, is not error, as the award neither concludes nor prejudices anyone having a standing to dispute a claim upon the fund.

3. In such case where the estate was upwards of $100,000 in amount, mostly personal property, and very little of it was required to be converted, and the labor of the executrix was much less than in most estates of that size, the court did not err in

cutting down the commissions from five per cent. to three per cent. and in sucharging the accountant with the difference.

Argued March 8, 1915. Appeal, No. 251, Jan. T., 1914, by Edith S. Kelley, Executrix of the last will and testament of John G. Kelley, deceased, legatee under said will and widow of said decedent, from decree of O. C. Monroe Co., dismissing exceptions to report of auditor in estate of John G. Kelley, deceased. Before BROWN, C. J., MESTREZAT, ELKIN, STEWART and FRAZER, JJ. Affirmed.

Exceptions to report of Frank B. Holmes, Esq., Auditor. Before STAPLES, P. J.

The opinion of the Supreme Court states the facts.
The court dismissed the exceptions. Edith S. Kelley, Executrix, appealed.

*Errors assigned* were in dismissing the exceptions.

*A Mitchell Palmer,* with him *C. Raymond Bensinger,* for appellant.

*J. B. Townsend,* of *Townsend, Elliott & Munson,* with him *William A. Shafer,* for Anna K. Hornbrook, appellee.

*Wilton A. Erdman,* for Estate of Edward W. Kelley, deceased, appellee.

OPINION BY MR. JUSTICE STEWART, July 3, 1915:
John G. Kelley died testate 29th May, 1911, leaving to survive him a widow, Edith S. Kelly, whom he appointed executrix of his will, and one child by a former marriage, Anna K., wife of Dr. F. W. Hornbrook, here the appellee. His will as probated includes a number of separate instruments, several of which are designated by the

testator as codicils to an original will of 31st January, 1905, and all of which were doubtless intended to so operate. At all events the probate gives them that effect. By the original will proper testator gave to his nephew, E. W. Kelley, the sum of ten thousand dollars. By codicil dated 16th April, 1909, he directed as follows, "All that part of my will in which I leave my nephew, Edward Kelley, now of Amsterdam, N. Y., certain money, I now revoke and leave the same amount to my wife, Edith S. Kelley, in trust for E. W. Kelley, to be disposed of as she may think best, either in buying a small farm or whatever is in her judgment for his best interest." By codicil dated 16th April, 1909, he directed as follows, to E. W. Kelley I leave in trust to Edith S. Kelley to dispose of as she thinks best." By endorsement on this second codicil under date of 25th June, 1909, he declares, "It is my intention that my wife shall have all I am possessed of during her life, except in case of remarriage when I wish it placed in trust for her free from interference of any one." E. W. Kelley, the nephew, survived the testator and died 8th January, 1912, leaving to survive him a widow, Ludima Kelley, and eleven children, all minors except the eldest, Mary B. Farrington, all of whom were represented at the audit by counsel appointed by the court. Claim was made on their behalf that upon the death of Edward W. Kelley they as the widow and children succeeded to the legacy in question; while the claim advanced on behalf of the widow of testator was, first, that the instrument or codicil of 25th June, 1909, in which the intention was expressed that testator's wife should have all the testator was personally possessed of during his life, was a revocation of the legacy given in trust for E. W. Kelley; and second, that, even though it be held otherwise, yet under the codicil of 21st June, 1909, it was not an imperative trust that was created, but simply a gift of the income of the fund, accompanied by an expression of desire that out of it the wife, Edith S. Kelley, should make some pro-

vision for E. W. Kelley, the provision to terminate with
his death. The auditor took the view that the instru-
ment of 25th June, 1909, was not a separate dispositive in-
strument, and, therefore, without deciding more, award-
ed the sum of ten thousand dollars with interest thereon
from 29th May, 1912, to 11th September, 1913, to "Edith
S. Kelley, in trust for Edward W. Kelley." Exceptions
were taken to this award, but it having been confirmed by
the court, it is made the subject of several assignments
of error in this appeal. What is complained of is, that
the auditor did not go further and find that the trust
ended on the death of Edward W. Kelley, and distribute
the fund to and among those legally entitled. While we
are of opinion that it would have been competent in this
proceeding for the auditor to pass upon the several
questions that would necessarily arise in connection with
the inquiry suggested, the fact that he made no attempt
to do so, but awarded the fund to the trustee appointed
by the will, does not constitute error, since the award
as made neither concludes nor prejudices any one hav-
ing standing to assert a claim upon the fund. The ques-
tions which he left undetermined concern the nature
and character of the trust, questions which can be quite
conveniently, and no less expeditiously, determined in
a separate proceeding involving nothing else, in which
all parties in interest can have opportunity to be heard,
and by which they would be concluded. Such is clearly
not the case here. The trustee named in the will having
the trust money in her possession, an appropriate pro-
ceeding for the determination of these questions will
occur to any one without suggestion from us. In regard
to the one question decided by the auditor, and which
necessarily stood in his way, namely, whether the in-
strument of 25th June, 1909, operated as a revocation
of the legacy, we fully concur in the conclusion of the
auditor, that it did not. Not only is there wanting an
express revocation, but there is no such inconsistency
between the provisions contained in the instrument and

the legacy that, without more, would warrant an inference that entire annulment of the latter was intended.

The remaining assignments complain of the action of the court in reducing to the extent of $2,167.71 the commissions with which accountant credited herself in her account filed. The personal estate of testator consisted very largely, almost exclusively, of shares in the capital stock of the Wheeling Steel & Iron Company, the Commercial Bank of California, and the National Exchange Bank of Wheeling. Besides these securities there were certain shares in the Pittsburgh, Wheeling & Kentucky Railroad Company, a mortgage investment of $2,300, and several other items of minor value. The total personal estate in the inventory filed was appraised at $108,385.16, and with this sum the executrix debited herself in her account, taking credit at the same time for $5,419.26 as compensation for her services as executrix. As will be seen the amount claimed was five per cent. of the entire fund charged. The auditor reduced the credit to a three per cent. basis, and surcharged accountant with the difference, that is to say, with $2,167.71. The total amount of credits claimed in the account, omitting the commission claimed, is $6,128.57. This amount must include the total indebtedness of the estate and the total expense connected with its settlement up to the time of filing the account, omitting the compensation claimed. When it is considered that no more of the estate was converted than was necessary to meet the indebtedness and the expenses of administration, it becomes apparent that the settlement of this estate involved far less trouble and care than ordinarily attends the settlement of estates of this magnitude. Under such circumstances we do not hesitate to conclude that the commission charged was excessive and what was allowed was full compensation. The auditor in allowing compensation on a basis of three per cent. went to the very limit under all our cases. The assignments of error are overruled and the decree is affirmed.