## No. 10,601.

## HEUSCHEL v. WAGNER.

Decided May 7, 1923.

Proceeding involving a claim against the estate of a deceased person.   Claim allowed.

### Reversed.

1.  PARTNERSHIP—*Dissolution—Accounting.*  A partner cannot recover of his copartner the estimated value of his interest in the firm. The action must be for dissolution and accounting.

2.  PROBATE LAW—*Partnerships.*  Upon the death of a partner it is the duty of the surviving partner to take possession of the assets of the partnership, liquidate them, pay the firm debts and account to the court.

3.  WORDS AND PHRASES—"*Estate.*"  The estate of a person is the property he owns at death.  It is not a legal entity, and no judgment can be rendered for or against it.

4.  STATUTES—*Construction.*  Sections 5330-5343, C. L. 1921, in referring to "claims against the estate," mean merely, payable out of the estate.

*Error to the County Court of Garfield County, Hon. J. W. Bell, Judge.*

Mr. C. W. DARROW, for plaintiff in error.

Mr. M. J. MAYES, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

UPON an allowance by the county court in the matter of the estate of Frank L. Heuschel the widow brings error and moves for supersedeas.   The claim was filed by Bertha H. Wagner and Thelma Alta Blue and Lloyd George Blue, minors, for "bal. due on partnership settlement with deceased, one-half to Bertha H. Wagner and one-half to

above named minors to be paid from estate of deceased at death of deceased, two-thirds of.............$4,000.00 or a total amount due $2,666.67". The administrator refused to defend and the widow was allowed to do so. An allowance was made of $1,333.33 to Bertha Wagner. The order of allowance provided that "the claim as filed for and on behalf of Thelma Alta Blue and Lloyd George Blue, minors, be amended to the Estate of Alta Blue" and as such was allowed in the sum of $1,333.33. There was no appearance or consent by Alta's administrator.

The court found as follows: In 1908, decedent, without writing, formed a partnership with his sons, William, John and Thomas and his daughters, Ernestine, Bertha and Alta, in the ranch and cattle business. Each put in what he had and they were to share in the joint earnings of the partnership, Frank L. and his wife one-fifth, each son one-fifth and the daughters together one-fifth. In 1914, John withdrew and was given his share of the accumulated earnings in cattle and land. November 29, 1915, it was decided to dissolve the partnership and William and Thomas received each his share in cattle and land, leaving in the father's name and control the land first put in by him and the interest of his three daughters in the accumulated profits except that some land stood in his wife's name. Upon her marriage each daughter received her share of the live stock but not of the accumulated land. Ernestine afterwards received a settlement for her share of the land. Alta died February 15, 1920, leaving her husband, Lloyd J. Blue, and two children, Thelma and Lloyd, the said claimants. Her estate is in process of settlement. It does not appear whether she left a will, nor who is her executor or administrator. Frank L. died July 12, 1922.

The court further finds that "the estimate" of $2,666.67 as the value of the interest of Bertha and Alma remaining in the decedent's hands, is fair; that the partnership between Frank L., the father, and Bertha and Alta has never been dissolved; that the respective shares of Bertha

and Alta are a trust by implication of law in the hands of Frank L. and no settlement or demand for settlement therefor has been made. That the partners were only to participate in the earnings of the partnership.

There are many serious questions in this record, some of them difficult; there are certain reasons, however, which will compel a reversal and since the settlement of the two estates is involved in this matter, and there is likely to be a long delay at best, it seems right to reverse the case now upon those points which are plain.

It is impossible to sustain the judgment under the findings. A partner cannot recover of his copartner the estimated value of his interest in the firm. The action must be for dissolution and accounting. The partnership between Frank, Bertha and Alta is found to have been never dissolved. Then Bertha is the sole surviving partner. It is her right (30 Cyc. 622) and duty (C. L. 1921, §§ 2453-2456), to take possession of the assets of the partnership, liquidate them, pay all firm debts, (out of her own pocket if necessary) and account to the court. So far from her having a claim against the estate for her share, the administrators of her father and sister will have claims against her for the shares, if any, of their decedents.

As to the claim of Thelma and Lloyd: They were never partners and have no interest in the partnership. Their mother's interest upon settlement of the partnership goes to her executor or administrator, who seems to have been left out of calculation altogether. The "estate of Alta Blue" is the property she owned at death; it is not a legal entity, though in common speech it seems such, and no judgment can be rendered for or against it. The statutes, in referring to claims "against the estate" (C. L. 1921, 5330-5343) mean merely "payable out of the estate." The amendment, therefore, accomplished nothing.

For these reasons the judgment is reversed and the cause remanded with directions to set aside both allow-

ances and for further proceedings not inconsistent herewith.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.