## No. 10,805.

## CHASE, ET AL. *v.* LATHROP.

Decided February 4, 1924.

Proceeding involving the allowance of compensation to an executrix. Compensation allowed.

### *Affirmed.*

### *On Application for Supersedeas.*

1. APPEAL AND ERROR—*Harmless Error.* Rulings on the admission of evidence which are clearly without prejudice to the complaining party, will not be considered on review.

2. EXECUTORS AND ADMINISTRATORS—*Compensation.* The allowance of compensation to an executor for services rendered the estate, rests in the sound discretion of the court, whose judgment will not be disturbed in the absence of a showing of abuse of discretion.

3. *Compensation—Division Between Executors.* No rule of law declares that corepresentatives—without regard to the services rendered by each—are entitled to an equal share of the statutory fees. It is the duty of the court to divide the total compensation between them as nearly as possible according to the services rendered.

4. ATTORNEY AND CLIENT—*Executors.* An executor, who is a lawyer, cannot employ himself in that capacity and thus obtain additional fees.

5. EXECUTORS AND ADMINISTRATORS—*Compensation.* In fixing the compensation to be allowed the executor of an estate for services rendered, the question is what service was rendered? The fact that he is recognized as a member of some profession is immaterial, but whatever skill and learning in any department of human activity he possessed of which the estate was in need and of which it secured the benefit, is a proper element to be considered.

6. APPEAL AND ERROR—*Executors—Division of Compensation.* The apportionment of compensation, by the trial court, between corepresentatives of an estate, not disturbed on review.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. HENRY E. MAY, Mr. A. J. GOULD, JR., for plaintiffs in error.

Mr. GEORGE P. STEELE, for defendant in error.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

EDWARD CHASE died September 27, 1921, testate. In his will defendant in error (hereinafter referred to as plaintiff) and Frances Minerva Chase (hereinafter referred to as defendant) were named as executrices and were duly appointed by the court as such October 3, 1921. They filed their final report January 23, 1923. On June 14, 1923, plaintiff filed in the county court her petition for compensation, alleging that she, individually, had "performed all and sundry of the services, legal, financial and commercial, incident, requisite and necessary in and about the settlement of the estate of said Edward Chase," and praying that there be allowed her as compensation the sum of $12,938.86. On said 14th day of June, defendant filed in said county court her petition alleging that said sum of $12,938.86 was the maximum amount which, under the laws of Colorado, could be allowed the executrices; that such allowance was, under the circumstances, "excessive and unreasonable;" that she had "rendered services to said estate and all the services that were required by her to be rendered said estate, and she was at all times ready and willing to, and did, perform any services required by her at any time for the benefit of said estate;" that she was the "sole heir and sole legatee of said Edward Chase deceased;" and praying the court to fix the amount of compensation for the executrices and order that it be equally divided between them. On the hearing of these petitions the court allowed plaintiff $12,938.86 and declined to order said amount divided or make any allowance for defendant. The cause was

thereupon appealed to the district court where each executrix filed an answer to the petition of the other. A jury was waived and the cause tried to the court which found that the allowance of said sum of $12,938.86 to the executrices was reasonable and proper but ordered that $900.00 of said amount be paid to defendant. Judgment was entered accordingly and the cause remanded to the county court for further proceeding in conformity therewith. To review that judgment defendant sues out this writ and asks that it be made a supersedeas.

Our statute (Sec. 5368, C. L. 1921, p. 1453) specifies the maximum compensation allowable to executors, "with such additional allowance for cost and charges, in collecting, defending and preserving the estate and disposing of the same, as shall be reasonable, to be allowed and paid as other expenses of administration."

The total amount found by the court as reasonable was the maximum amount provided by the statute, without any "additional allowance for costs and charges," and plaintiff made no claim for attorney's fees.

There are twenty assignments of error, of which the 17th, 18th, 19th and 20th relate to rulings on the production and admissibility of evidence. If those rulings, or any of them, were technically erroneous they are so clearly without prejudice as to require no consideration. Three questions only are raised by the remaining assignments: (1) Was the total allowance unreasonable? (2) Was the trial court vested with a discretion in a division of the allowance? (3) If so vested, was that discretion abused?

1. What allowance was reasonable under all the circumstances of the case rested in the sound discretion of the court, and as all presumptions are in favor of the judgment, it will not be disturbed unless an abuse of discretion is clearly disclosed by the record. We do not think it is. This estate approximated $422,000.00 in value, and collections or adjustments were necessary in four states in addition to this. Numerous loans were outstanding, ranging from small sums to more than $22,000.00. Many of these

required attention, some of them renewal, and others careful husbanding and adjustment. Considerable expense was incurred and the employment of extra stenographers and bookkeepers for long periods necessitated. It is urged that the business presented no extraordinary entanglements and that there was no litigation and no contested claim. We cannot say that the trial court, did not believe, and was not justified from this record in believing, that this very satisfactory condition and consummation was largely due to the skill, industry and care, with which the business was managed. If so, the argument is for, not against, the allowance. *Kelley's Estate* (No. 1) 250 Pa. 172, 95 Atl. 400, is cited in support of the contention of unreasonableness. Its effect is to the contrary. There, where apparently the labor was much less, a claim to a statutory maximum of five per cent was cut to three, which was still as large in proportion as that here approved.

2. Our statute reads: "Executors * * * shall be allowed, as compensation for their services, a sum not exceeding, * * *", etc.

It is urged that this language gives the court no power, in the absence of other specific authority therefor, to discriminate between the corepresentatives for any reason, and that whatever the compensation, it must be divided equally between them. This position defendant supports by certain New York, South Carolina, Georgia and Missouri authorities. Some of these rest upon statutes so different from our own as to render them valueless as guides, and the logic of the others fails to convince us. Reason, justice and equity require that compensation for service should be apportioned according to the service. The question then is, does there exist any statute or well grounded rule to the contrary? We have no such statute. What of the rule? One who does no work is entitled to no remuneration. *Hope v. Jones,* 24 Cal. 89.

Readiness to serve will not justify an allowance. *Bellamy v. Hawkins,* 17 Fla. 750. Hence one who does little

should receive little and one who does much should receive much.

No rule of law or equity declares that corepresentatives, without regard to time spent, responsibility assumed, or services rendered, are entitled to an equal share of the statutory fees. *Griswold v. Smith,* 214 Ill. 323, 329, 73 N. E. 400.

We think this is more than a matter of discretion. It was the duty of the court to divide the total compensation between plaintiff and defendant as nearly as possible according to the service of each.

3. What we have said concerning the discretion of the trial court in paragraph one is applicable here. We must look for evidence supporting the judgment to that most favorable to plaintiff. Such is doubtless her own testimony which covers about seventy-five pages of this record. From it we learn, among other things, that plaintiff was, and had been for some twenty-seven years, a practicing attorney who had specialized in probate work and the settlement of estates; that she had been the legal representative of deceased since 1907, and not only drew the will in question but several preceding ones; that she devoted some portion of every day from October 3, 1921, to January 23, 1923, to this business and had herself incurred and paid all the expenses hereinbefore mentioned. Not only did she assume the general management and direction of affairs but practically all the work was done by her or her employees. All this by the express request and acquiescence of defendant. The latter's participation was confined almost entirely to such perfunctory acts as the signing, in blank, of checks left to be filled in by plaintiff, the signing of documents prepared by plaintiff, and such minor activities as pertained more directly to defendant's interests. She was in fact during a considerable portion of the period involved, out of the state and for a part of that time in Europe. It has long been established in this jurisdiction that an executor who happens to be a lawyer cannot employ

himself in that capacity and thus obtain additional fees. *Doss v. Stevens, Adm'r,* 13 Colo. App. 535, 59 Pac. 67.

It is apparent, however, from the record that the trial court in fixing the total compensation, as well as in apportioning it, took into consideration plaintiff's professional skill and ability and the benefits derived by the estate therefrom, including the saving of attorney's fees, and it is contended that such consideration was erroneous. We do not so reason the point or read the authorities. We think the rule applicable to an attorney who takes an appointment as administrator is not different from that applicable to a member of any other profession. The question is, what service did plaintiff render the estate? The measure thereof is not enhanced or diminished by the mere fact that the claimant is a recognized member of any particular trade, calling or profession. Whatever skill and learning in any department of human activity she possessed, of which the estate was in need and of which it secured the benefit, is a proper element for consideration, first in determining the total amount of the allowance under the statute, and second in determining plaintiff's just proportion thereof. Had she possessed the requisite qualifications to render the estate the identical services shown by this record, the same compensation should have been allowed her had she never been licensed to practice law in this or any other state.

Add to the foregoing the conclusion reached in the first paragraph hereof and it appears that the record discloses no error in the apportionment of the compensation. The supersedeas is accordingly denied and the judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR, sitting for MR. JUSTICE ALLEN, concur.