No. 10,556.

GOODKNIGHT, ADMINISTRATOR *v.* HARPER, ET AL.

Decided March 3, 1924.    Rehearing Denied April 7, 1924.

Proceedings involving the settlement of an estate. Claims of administrator allowed in part and disallowed in part.

*Affirmed in Part.*

*Reversed in Part.*

1.   EXECUTORS AND ADMINISTRATORS—*Partnerships.* It is held irregular for the administrator of an estate to settle the affairs of a copartnership of which decedent was a member. It is the duty of the surviving partners to liquidate the partnership assets and account to the court.

2.   *Court Costs—Allowance.* An administrator held entitled to a credit for the amount of court costs collected from the opposing party on review of a judgment in the Supreme Court, and with which he had charged himself in his reports.

3.   *Litigation—Fees and Expenses.* An administrator may not contest with the estate the amount of his fees at its expense, when he is seeking to hold what the court finally decides is too much.

4.   *Costs of Administration—Court Orders.* An administrator was charged with excess fees paid to a county judge who never accounted for the amount. He claimed the payment was made under a court order. Such orders must appear of record, and none being shown, the administrator is held liable for the excess paid.

5.   *Interest.* Interest on taxes and an allowed claim against an estate held properly surcharged to the administrator, it appearing that there were sufficient funds available to pay the items when due.

6.   *Commissions.* County courts have some discretion in the allowance of commissions to administrators. The disallowance of a commission on rents of real estate belonging to the estate, not disturbed in the instant case.

7.   *Commissions.* Allowance of commission to administrators within the limit of six per cent, is within the discretion of the trial court.

8.   *Commissions—Partnership Property.* No commission can be charged by an administrator for services rendered in connection with partnership property in which the estate has an interest.

9.   *Commissions—Interest.* The disallowance of a commission on items of interest collected by an administrator on funds of an estate deposited in a bank, upheld on the ground that the interest accrued while the administrator was unreasonably delaying the settlement of the estate.

10.  *Attorney Fees—Allowance—Evidence.* In the matter of the

allowance of attorney fees in the administration of estates, the court is not bound by the testimony of attorneys as to the reasonableness of the amount claimed.

11.    *Appeals—County to District Court—Procedure.*    On appeal from county to district court of a matter involving the reports of an administrator, the action of the district court in remanding the case to the county court with directions, held erroneous.    The district court should have made its own orders and entered judgment thereon.

*Error to the District Court of Rio Grande County, Hon. Jesse C. Wiley, Judge.*

Mr. JAMES P. VEERKAMP, for plaintiff in error.

Mr. W. SCOTT CARROLL, Mr. JESSE STEPHENSON, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

GOODKNIGHT was administrator of the estate of Henry Seth.    Certain claims set up by him in his final accounting were disallowed and certain allowed by the county court. An appeal was taken to the district court and upon the orders of the district court upon that appeal Goodknight brings error.

Henry Seth died leaving real and personal estate, much of which was in various partnership interests.    The property real and personal was heavily incumbered, and live stock was in need of feed.    Goodknight was appointed administrator, borrowed money by order of court with which he wintered the stock, sold it or most of it, paid the loans and was reimbursed, pro rata, by the partners.

This was irregular.    It was the duty of the surviving partners of each partnership, if they were really partners and not mere tenants in common, to liquidate the partnership assets and account to the court.    *Heuschel v. Wagner,* 73 Colo. 327, 215 Pac. 476.

Goodknight made his second preliminary report to which objections were filed.    The county court overruled these

objections. On appeal to the district court a claim of $6,645 administrator's fees was reduced to $1,500. This judgment was reversed (*Goodknight v. Harper,* 70 Colo. 41, 197 Pac. 237), on the ground that the judgment was not final. Further reports and a final report were filed, objections were made, some were sustained and some overruled. Upon appeal to district court all the county court's rulings were approved except one, and that one was reversed. It was an item of $1,728.60 made up of costs, expenses and attorney's fees in taking out the former writ of error from this court. Whether that decision of the district court was correct is one of the questions now before us.

Plaintiff in error claims that of the $1,728.60 he recovered and collected $205.20 costs in the supreme court with which he charged himself in his reports. If that is true the items constituting this $205.20 have been balanced in his accounts and he should be allowed them by reducing the amount charged back against him by $205.20 (1,728.60 less 205.20=1,523.40). This matter should be reconsidered by the district court and an order made according to the facts.

As to the balance $1,523.40 he claims that he has a right to defend his conduct at the expense of the estate and cites *Tuckerman v. Currier,* 54 Colo. 25, 45, 129 Pac. 210, Ann. Cas. 1914C, 599. It is true that a trustee may often do that, but we cannot agree that he may contest with the estate the amount of his fees at its expense when he is seeking to hold what the court finally decides is too much. That would be holding that he might make a wrongful claim, litigate it to a finish against him, and then charge the estate with his expenses in the suit.

The administrator is charged with $85.00 excess fees paid to the former county judge who has never accounted for it. The administrator claims he was ordered to pay by the county judge, but no order is shown of record. Orders must appear of record, *Macky's Estate,* 73 Colo. 1, 213 Pac. 131, 133. The rules required him to pay in ad-

vances of $25 each, renewed as they became exhausted. If he had followed the rule he would have saved the $85.

The items of $15.40 interest on taxes and $44.40 interest on allowed claim, which were unpaid though large amounts of money were in bank to meet them, were properly surcharged. See *Macky's Estate, supra.*

The item of $75 commission on rents of real estate we cannot say was improperly disallowed, because the court has some discretion in such matters and the administrator had attempted to make a lease at a much lower rate than the one upon which the rent was collected until he was brought into court to prevent it.

As to the reduction of commissions: Commissions on personal property, insurance, etc., the statute says must not exceed six per cent. Within that limit the amount is left to the sound discretion of the trial court. Two judges have agreed on an allowance. We are not willing to change it. They are certainly right in saying that no commission can be charged on the partnership property. *Heuschel v. Wagner, supra.*

As to the items of $41.55 and $34.38 commissions on interest collected of the bank on funds of the estate on deposit therein, these items seem to have been disallowed on the ground that the interest accrued while the administrator was unreasonably delaying the settlement of the estate by litigation as to the amount of his fees. We cannot say that this decision was wrong. See *Macky's Estate, supra.*

The administrator asked allowance of $250 paid his attorney. The court allowed $100. This looks like a small allowance but the court had much better opportunity than we to judge of what had been done and of its value. We do not agree with the claim that, because attorneys testified in that dispute that $250 was reasonable, the court was bound to so find.

The district court upon the appeal affirmed the county court's allowances and disallowances in part, and reversed them in part and sent the case back. This we think was

erroneous. The district court should have considered the administrator's report anew, and made its own orders and judgment thereon.

The judgment is reversed in part and affirmed in part as indicated in this opinion and the cause remanded for further proceedings not inconsistent herewith.

Mr. Chief Justice Teller and Mr. Justice Whitford, concur.