No. 14,427.

ESTATE OF CHENEY.

CHENEY ET AL. *v.* CORBETT, ADMINISTRATOR.

(85 P. [2d] 729)

Decided December 19, 1938.   Rehearing denied January 3, 1939.

Messrs. IRWIN, O'CONNELL & ZARLENGO, for plaintiffs in error.

Mr. HAROLD A. GRANT, for defendant in error.

*En Banc.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THIS is an action involving the allowance by the county court—affirmed on appeal by the district court—of certain expenses and fees in connection with the administration of the estate of a deceased person. The particular items involved are: Funeral expenses, $852.60; administrator's fees, $1,084.99; and attorney's fees, $1,084.99. Objection to the allowance of these claims in the amounts specified having been overruled, the proceedings are presented here for review.

Cheney, an Italian, all of whose relatives lived in Italy, died intestate May 17, 1936, in Leadville, Lake county, leaving an estate consisting of personalty of the value of $18,083.19, about $17,000 of which was a savings account in a bank at Aspen. He died in a cheap rooming house in Leadville, where he had lived alone. When his body was found the doctor in charge notified Corbett, defendant in error and the owner of a one-third interest in the Moynahan-O'Malia Mortuary in Lake county. Corbett also was county coroner, and as such took charge of Cheney's body at the time of his death. After inquiries extending over a period of two or three days and a search through the meager personal effects of deceased, Corbett found the savings account passbook and a note for $891 signed by one Victor Natal, another Italian and friend of Cheney who lived at Aspen. Corbett thereupon called Natal on the telephone who came to Leadville, and arrangements were made for the funeral after Natal had informed Corbett that the deceased had no relatives in this country.

May 20, 1936, Victor Natal and his son Arthur signed a petition asking that Corbett be named administrator to collect and he was so named on that day. While the proceedings relative to this appointment were not strictly in

accordance with the statute (§80, c. 176, '35 C. S. A., C. L. §5227), no objection is made concerning any irregularities relative thereto and we are not called upon to pass on that question.

June 6, 1936, another petition was filed by Robert J. Walsh, also interested in the Moynahan-O'Malia Mortuary, reciting that the latter was a creditor of said estate and praying that the prior appointment of Corbett as administrator be confirmed. The order of confirmation was duly entered. July 15, 1936, Moynahan-O'Malia Mortuary filed its claim for $852.60, and Corbett, administrator, petitioned the court to name a discreet person to pass on the claim since he, Corbett, was an interested party. The county judge thereupon appointed Thomas Evans, Jr., his nephew, to act in that behalf, and the claim was approved the same day. No impropriety is suggested in this procedure and no objection made other than as to the amount of the claim.

There were certain other minor expenses allowed in connection with the estate which have no material bearing on the questions here involved and they call for no further comment. Suffice it to say that the administration was continued through final settlement which was had on the 6th day of October, 1937, the final report showing a balance of $14,165.64 to be distributed to the heirs. The administrator and his attorney each claimed fees in the sum of $1,084.99, which is six per cent of the value of the personal estate, and as to the administrator that was the maximum amount permitted under section 232 of chapter 176, '35 C. S. A., C. L. §5368.

Plaintiffs in error, objectors below, are contesting the propriety of the allowance by the trial courts of the claims of $852.60 for funeral expenses and the two items of $1,084.99 as administrator's and attorney fees as above noted.

The only theory upon which we could reverse the action of the trial court allowing these items, would be to hold that both the county and district courts abused

their discretion in entering the judgments relating thereto.

■ We cannot, and do not, say that $852.60 is an exorbitant amount for funeral expenses of a man possessed of an estate valued at $18,000. He had no near relatives in this country. He had by hard work, thrift and modest living accumulated this comfortable fortune. No one contends that he was in any way obligated to any person. While it is true that the "discreet person" appointed by the county court to pass on this funeral bill was a nephew of the judge, there is no suggestion that he was not a "discreet person" or that any law was violated in connection with the approval of the claim. This statute (§202, c. 176, vol. 4, '35 C. S. A., C. L. §5338) says that such a claim shall be allowed or rejected "as to said court shall appear just."

The matter of the funeral was discussed with Mr. Natal and his son and an itemized statement of the expense of the funeral as contemplated was presented to the county judge and approved by him.

■ As to the fees of the administrator and his attorney, we are not disposed to interfere with the judgment of the trial court concerning these items. "What allowance was reasonable under all circumstances of the case rested in the sound discretion of the court, and as all presumptions are in favor of the judgment, it will not be disturbed unless an abuse of discretion is clearly disclosed by the record." *Chase v. Lathrop,* 74 Colo. 559, 223, Pac. 54.

The six per cent fixed as a maximum by the statute (section 232, chapter 176, supra) as administrator's fees was allowed in the present case. "Within that limit the amount is left to the sound discretion of the trial court. Two judges have agreed on an allowance. We are not willing to change it." *Goodknight v. Harper,* 75 Colo. 141, 225 Pac. 215. The statute has no application to attorney fees, which is another reason why we should not question

the reasonableness of the amount allowed herein for legal services.

Judgment affirmed.

MR. CHIEF JUSTICE BURKE dissents.

MR. CHIEF JUSTICE BURKE, dissenting.

I am unable to escape the conclusion that there was an abuse of discretion in this case. An $800 funeral for a man who lived as deceased did is unjustifiable. The apparent trivial amount of work performed by the administrator in an estate such as this consisting almost wholly of cash in bank is unreasonable. Some justification can be found for the allowance of attorney's fees, since apparently everything that was done was done by counsel, but certainly the bounds of law and liberality were crowded. Such an inroad upon the assets of an estate should not be countenanced by the courts irrespective of who are the heirs or where they live.