## In re CLIFT'S ESTATE.
## HEATH v. FIRST SECURITY TRUST CO.

No. 6341.   Decided February 20, 1942.   (122 P. 2d 196.)

See 21 Am. Jur. 505, 671; 24 C. J. Executors and Administrators, section 529.

*Van Cott, Riter & Farnsworth,* of Salt Lake City, for appellant.

*White, Wright & Arnovitz,* of Salt Lake City, for respondent.

PRATT, Justice.

This is an appeal by the executor of the estate of Virtue Clift, deceased, from a decision of the lower court rendered upon a contest of certain items of the executor's 15th account. The contestant is the guardian of the estate of an incompetent heir.

Paragraph II of the lower court's decision sets out briefly the items, part of which are involved in this controversy. That paragraph reads:

"That the executor is hereby charged with accounting to this estate as of the date of this accounting, after the payment of all the expenses, excepting, however, executors' fees, if any, yet to be paid, of the following cash items on hand:

| | |
|---|---|
| Balance of cash on hand carried forward from Fourteenth Accounting ..... ........................ ............... | $ 203.99 |
| Balance of cash on hand as shown by Fifteenth Accounting . | 67.67 |

The amounts hereby disallowed:

| | | |
|---|---|---|
| (a) | Amount paid to J. H. Garrett ................... | 1,040.00 |
| (b) | Amount paid as Clift Building Expense, listed on Item 1 ...................................... | 25.00 |
| (c) | Attorney's fees paid to Shirley P. Jones ........ . | 100.00 |
| (d) | Back Salary as shown in Item 3 ............... | 883.00 |
| (e) | Back Salary as shown in Page 2 ............... | 151.99 |
| (f) | Executor's fees ............... ..... ............. | 1,300.00 |

Total   *   *   *"

The guardian filed written objections to the account. At the hearing all objections were waived but two. Those two covered the expenditures listed as items (a) and (f) in the paragraph quoted above. Upon this appeal appellant limits this phase of his assigned errors to the expenditure of $1,-040, item (a).

The other items, (b), (c), (d), and (e), were matters taken up by the court even though not within the issues

raised by the guardian's written objections. Appellant contends that, under our procedure, it was error for the court to consider matters not within the issues.

As to item (e) appellant contends that if the court had authority to consider matters not in issue, it was error to charge him with this item, as to do so constituted a modification of previous approved accounts; and an account once settled and approved becomes final except in an equitable proceeding based on fraud.

We shall discuss these issues on appeal in the order named.

The guardian's objection to item (a) reads as follows:

"That it does not appear from the files and records in this case that the executor was authorized to pay the sum of $1,040.00 to J. H. Garret for services in attempting to secure a lien upon the Clift Building."

Upon the issue raised by this objection the lower court found as follows:

"That expenditures totaling the sum of $1,040.00 paid to J. H. Garrett (represented by voucher numbers 3186, 3188, 3192, 3198, 3199 and 3202) were made between November 6, 1934, and April 2, 1935; that a foreclosure action had been instituted by the trustee for the bondholders on the Clift Building on the 15th day of November, 1933, and a receiver had been appointed on the said day to act for and on behalf of the trustee for the bondholders; that a decree of foreclosure against the said property was entered on or before the 25th day of June, 1934, and that the period of redemption expired on or before the 23rd day of December, 1934; that during all this time Lawrence H. Heath had been acting as building manager in the employ of the receiver and was fully informed as to all proceedings in the foreclosure of the property and the fact that estate was being divested of the title to this property; that during the said time the said executor made no report in either the foreclosure action or in the probate proceedings as to any efforts that he was making to protect the equity of the estate in and to the said property, nor did he make any report to the probate court of the foreclosure proceedings or ask any instructions of the probate court as to how to proceed in defending the foreclosure proceedings or what efforts to make in saving the equity of the estate; that no report was made to the court that J. H. Garrett was employed in assisting to sell the property or to have it refinanced;

that during all of the said time J. H. Garrett was employed in the insurance brokerage business and was neither a licensed real estate broker nor engaged in financial matters."

With the exception of the last clause of that paragraph, the lower court apparently held against the executor the fact that he had not previously reported the matter to the court, and had not sought the court's advice as to the best thing to be done under the circumstances.

The principal asset of this estate was the Clift Building mentioned in the quoted finding of fact. The executor testified that Mr. Garrett was employed to obtain funds with which to redeem the property. The estate's equity in the building was in the neighborhood of $250,000 at the time the executor took the property over in 1925. The testimony does not disclose the condition of affairs while the redemption period was running. We cite these additional facts in order to give a better picture of the executor's theory of the necessity of employing help to try to save the building for the estate.

The fact that prior authority for that employment was not obtained from the court, or the fact that the court's advice in the matter was not obtained, should not be grounds for rejecting the expense of the employment, if the agent was employed in good faith; if his services ■ were reasonably necessary to the best interests of the estate; and if the agent so employed was better qualified than the executor to obtain such monies. "Better qualified" may lie in the nature of the agent's business or in the breadth of his financial contacts. It is rather hard to lay down any fixed rule for this determination. It is a matter of what is reasonable under the circumstances, and in principle is similar to the recognized advantages incident to the employment of a real estate agent to sell real property belonging to the estate. 21 Am. Jur. 671, Sec. 517; 3 Bancroft Probate Practice 1646, Sec. 970; 91 A. L. R. 829 et seq.; *In re Willard's Estate,* 139 Cal. 501, 73 P. 240, 64 L. R. A. 554.

The burden rests upon the executor to prove that the circumstances justify the expenditures. 3 Bancroft Probate Practice 1676, 1634; *In re O'Reilly's Estate,* 27 Ariz. 222, 231 P. 916; *In re Jennings' Estate,* 74 Mont. 449, 241 P. 648; *In re Hansen's Estate,* 55 Utah 23, 184 P. 197.

This brings us to the last clause of finding No. II quoted above:

"that during all of the said time J. H. Garrett was employed in the insurance brokerage business and was neither a licensed real estate broker nor engaged in financial matters."

It is evident that the court did not believe that there was evidence to support the selection of J. H. Garrett as one specially qualified to accomplish the objective for which he was employed. The record of testimony is very vague on this subject. As a matter of fact the testimony indicates that the real contact man in the effort to obtain money for redeeming the property was an attorney Shirley Jones, who was paid through Mr. Garrett. Under the circumstances we cannot say that the lower court abused its discretion in rejecting this item of expense and charging it to the executor. 3 Bancroft Probate Practice 1634; *In re Parker's Estate,* 186 Cal. 668, 200 P. 619, and *Id.,* 186 Cal. 671, 200 P. 620. *In re Mertz' Estate,* 246 Ill. App. 283; *In re Cheney's Estate,* 103 Colo. 319, 85 P. 2d 729; *In re Fetterman's Estate,* 183 Wash. 410, 48 P. 2d 638.

We have in our Code two procedural statutes which read as follows:

"All issues of fact joined in probate and guardianship proceedings must be tried in conformity with the requirements of the code of civil procedure, and in all such proceedings the party affirming is the plaintiff, and the one denying or avoiding is the defendant. Judgments therein, on the issues joined as well as for costs, may be entered and enforced by execution or otherwise by the court as in civil actions." Sec. 102-14-17, R. S. U. 1933.

"If no jury is demanded, the court must try the issues joined. If on written demand a jury is called by either party and the issues are not sufficiently made up by the written pleadings on file, the court may direct the preparation of more specific pleading, or on due notice to the opposite party, may settle and frame the issues to be tried, and submit the same, together with the evidence of each party, to the jury. If the trial of the issues joined requires the examination of an account, the court must try the matter or refer it, and no jury can be called." Sec. 102-14-18, R. S. U. 1933.

The present case was transferred to the trial calendar after the objections were filed. It should have been tried as if it were a civil matter upon the issues drawn by the pleadings and the testimony submitted appropriate to those issues. *In re McLaren's Estate*, 99 Utah 340, 106 P. 2d 766. If there is included at such a hearing matters of probate not in controversy but due for court approval or determination, the result is going to be confusing so far as the application of the above sections is concerned. Those sections contemplate, for a contested matter, the formal hearing upon testimony properly presented according to the rules of our code of civil procedure. Uncontested probate matters, on the other hand, are informal and may under certain circumstances be determined without any testimony (see Sec. 102-14-26, Ch. 116, Laws of Utah 1939). If for any reason contested matters and uncontested matters are heard together—a procedure we do not advocate—the court should exercise care to see that the findings, conclusions, and decree covering the contested matter are not confused with matters which lie within the general duty of the court to pass upon. The rules of civil procedure afford each contestant a protection not only against error that may be committed by the judge, but as against the efforts of his opponent to succeed in the litigation. It would not be a stretch of imagination to say that the legislature, in enacting the sections quoted above, had in mind that in probate matters, as in civil matters, where litigants are opposing each other it is safer to afford each the protection of such rules, than to leave the matter en-

tirely in the hands of the judge. It is not for us to become indifferent to that thought, and defeat the purpose of those sections by saying: What is the difference—in the last analysis the burden falls on the court anyway!

We do not wish to imply that by separate hearings we mean that of necessity the hearings must be on separate days or hours. It is sufficient if the hearings are so conducted that the contestants and the courts will understand whether or not the testimony being submitted is upon the contested probate matter or upon the uncontested probate matter.

The present contest is over an accounting in probate. It might appear to one that the account was a pleading in the nature of a complaint in the civil action and the objections a pleading in the nature of an answer, with the result that all items to which no objection was taken should be considered as admitted and proper—this would, on the face of it, accord with the usual rules of civil procedure. But it is error. Even though the contestant may not object to a particular item, it does not follow that the court must accept that item as proper. It is his duty to pass upon that matter without regard to whether or not it is contested. Thus it cannot be said that a decision upon an uncontested item is a decision upon matters necessarily within the contest—rather it is a decision of matter not involved in the contest. If we jumble the two proceedings together, then we have a hearing part of which is subject to the formalities of the rules of civil procedure and part subject to an informal investigation. The result is illustrated by the present case.

Appellant, here, objects to the action taken by the lower court on certain uncontested items as not being within the issues of the contest. The objection is well taken so far as the issues of this contest are concerned, but it does not follow that the court was in error in deciding the merits of those items as it did under its general power to inquire into the expenditures made by the executor

quite aside from the existence of any contest. Appellant has appealed from the entire decree rendered upon the accounting. That brings before us not only the contested items but also the uncontested items. Final orders in probate are appealable (see Sec. 20-2-2, R. S. U. 1933, Sec. 9, Article 8, Constitution of Utah).

From what has been said it must be apparent that when the hearing upon contested matters is not separated from the hearing upon uncontested matters—especially if considerable pleading and testimony is involved—it will become a complex problem to decide matters of proper pleadings and the admission of evidence. Assume an objection is made to the introduction of evidence as not within the issues, but it is admitted because certain uncontested matters are being considered by the court as well. Is it sufficient to say: Oh well, the court will keep them segregated anyway? That is not the attitude that should be taken toward the contestant's right to have a matter tried pursuant to the rules of the code of civil procedure. If it were, then there was no need for passing the quoted sections.

The most we can say is that items (b) to (e) inclusive are not within the issues of the contest; but as they are within the court's general power to consider as uncontested matters the fact that they are not within the issues does not mean that they are improperly decided. Only one of them is discussed upon its merits: item (e).

Of that item we have this to say: Previously settled and approved accounts may be referred to for the purpose of determining such questions as the amount of the balance to be paid an executor, or the purpose of the allowances; but the court must not indirectly change or correct those previously approved accounts by modifying the unapproved balances of the executor's account to overcome some error or circumstance which the court believes should have been considered at the hearing of one of those previous accounts. *In re Raleigh's Estate,* 48 Utah 12⁴, 58 P. 705. From the record in this case, which is rather

uncertain upon this point, the deduction of $151.99 (item e) was made in an effort to correct what appeared to the court to have been an error in some previous account. This the court could not do, for the reason given in the Raleigh case, cited above.

The judgment of the lower court is affirmed except as to item (e) ; and that matter is returned for further consideration pursuant to the principles herein set out.

Each party shall bear his own costs.

MOFFAT, C. J., and McDONOUGH, J., concur.

LARSON, J., concurs in result.

WOLFE, Justice (concurring).

I, too, think it would be wise for the probate court to keep separate any evidence elicited on his own motion regarding uncontested items from that evidence adduced in hearings of contested matters. This because it favors convenience in making up a bill of exceptions and in the final assessment of costs in case of an appeal. Ordinarily, it would be quite unusual for the court to turn from a hearing on contested matters and inject into that record any evidence elicited for the purpose of aiding him in his audit of uncontested items. Such commingling of evidence might require the contestant, in case he desired to appeal from a judgment against him on contested items, to separaate from the transcript such parts as pertained to uncontested items in which he was not interested. If the representative lost and desired to appeal from the decree disallowing contested and uncontested items, this court might be required ultimately in assessing costs, to separate matter in the transcript and brief dealing with disallowed uncontested items from that dealing with contested matters, for if contestant should lose in this court he should not be charged with those costs incurred in taking the appeal from that part of the decree which disallowed uncontested items, at least if he

did not take issue on the appeal in respect to such items.

The important matter in this decision is that the real nature of the duty and action of the probate court in regard to accounts be realized. More from the tenor than from any specific words of the opinion I am thrown into doubt as to that matter.

The probate court's judgment on the audit of the account of its officer is a single judgment or decree, although such decree may allow some items and disallow others. It is a unit judgment. In order to arrive at this judgment the court has the duty to pass on all items whether contested or uncontested. When contested the proceeding is litigious and calls for adequate machinery for the handling of an adversary proceeding. This machinery is provided by Sections 102-14-17 and 18, R. S. U. 1933, set out in full in the court's opinion. But it will be noted that these sections are part of the Probate Code.

There is nothing which requires contested items in an account to be tried other than in probate proceedings. The fact is that Sections 102-14-17 and 18 set up machinery for trying such matters in probate. That was their purpose. They make provisions not for the trial of probate contested matters by the civil side of the court, but trial in conformity with the requirements of the Civil Code. A contested item in an account is not like a claim against an estate disallowed by the administrator or executor, or a suit to set aside a testamentary trust. These must be tried by suits civil in nature. Even in cases where the suit should be addressed to the civil side of the court we have held, and properly, that even though the caption is styled in probate where the pleadings are sufficient and the necessary or interested parties are before the court and the matter is fully tried, we will consider it as having been addressed to the civil side of the court. *In re McLaren's Estate,* 99 Utah 340, 106 P. 2d 766. This case involves no such proposition. We have here an account with numerous items, some of which were contested—most of which were uncontested. Of the uncon-

tested items some were allowed by the court and some were disallowed. The account is a unit to be acted on, it is true, item by item; but the court's final action on the account, although it may take the form of disallowing some contested items, of allowing other contested matters, of disallowing and allowing various uncontested matters, is a unit action operating on that account. It would make hash of the integration of probate proceedings to have one judgment on contested items, another on disallowed uncontested items, and a third on allowed uncontested items.

Let us take a brief look at the nature of probate proceedings. The proceedings invoke a series of events from the filing of an application for the admission of a will to probate and appointment of an executor or application for the appointment of an administrator along a whole course down to the discharge of the executor or administrator. The probate code is adopted to this sort of court operation. This is another case of adopting procedure to the nature of the matters requiring treatment and, if common sense and adherence to the spirit and letter of the statute is followed, few difficulties will arise. And what is one of the mechanisms provided for handling some of the series of events which may arise in probate? It is that given by Section 102-14-17 and 102-14-18. Here is mechanism for the trying of contested matters in probate. This is not a mechanism for sending them out of probate and requiring pleadings to be cast according to the proceedings in civil actions but a mechanism for trying issues of fact joined in probate and guardianship matters within the very framework of probate. They do not require a recasting of the pleadings nor a recasting of the caption. They provide even for the court directing the preparation of more specific pleadings or for the settling and framing of issues to be tried by a jury. This is not the practice in civil cases. Because, for convenience, they may be put on the civil trial calendar and tried with civil matters does not change the purpose of the statutes nor the nature of the proceedings. The same judge may try them and, in

fact, in districts where there is only one judge, does try them. He may, since he has plenary powers, try them all on one day. That is a matter of the court's convenience since it is the same court sitting either in trial of civil or probate matters. See *Weyant* v. *Utah Savings & Trust Co.,* 54 Utah 181, 182 P. 189.

I concur with the opinion insofar as it is not contrary to the above observations.