No. 18,264.

FERN E. CANADAY, ET AL. *v.* CAROLYN C. KAUFFMAN, ADMINISTRATRIX.
(342 P. [2d] 1027)

Decided August 17, 1959.

Mr. PAUL SNYDER, for plaintiffs in error.

Mr. ROBERT H. GLEASON, Mr. C. R. MONSON, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will refer to plaintiffs in error as petitioners and to defendant in error as administratrix.

This case is before us on writ of error directed to the county court of Routt county, wherein petitioners objected to the care, management and administration of their father's estate by his widow Carolyn C. Kauffman as administratrix; and also to the final accounting made by her as administratrix. We will attempt to answer the

objections of petitioners in the order in which they are set forth in their Summary of Argument. Facts pertinent to particular questions will be set forth in the determination thereof.

Questions to be Determined.

First: *Did the trial court err in awarding an excessive fee to the administratrix?*

■ This question is answered in the negative. The county court found that a total of $113,962.39 passed through the hands of this fiduciary, all of which would represent personal estate, except the sum of $49,818.32 received for sale of real estate as shown by the final report. The fee allowed the administratrix was $3,291.00. It at once becomes apparent that the amount is below the statutory maximum figured at 6% - 4% and 3% as allowed by statute, and this court has held that within that statutory limitation such matters rest in the sound discretion of the trial court. *Goodnight v. Harper,* 75 Colo. 141, 225 Pac. 215; *Cheney v. Corbett,* 103 Colo. 319, 85 P. (2d) 729; *Case v. Lathrop,* 74 Colo. 559, 223 Pac. 54.

We find no merit in the contentions that this fee should have been disallowed by reason of an attitude of defiance on the part of the administratrix; error of arithmetic by the trial court; failure to consider quality of administration, etc. As to the 3% allowance for sale of real estate, let it be said that the real estate was sold by the administratrix after petition and order of court therefor, all within the full knowledge of petitioner and would be allowable under C.R.S. 1953, 152-14-16.

Second: *Where a surviving widow is appointed administratrix of an extensive and going ranch property; is given leave and ordered to manage the same during administration; is she chargeable for rent for use and occupation of the premises while so engaged?*

■ This question must also be answered in the negative. It is contended that the trial court erred in allowing the surviving widow to remain in possession of the family home, household furniture and furnishings with-

out the payment of rent and without order of court. The evidence discloses that she stayed on the premises where she actively managed the operations of the ranch which entailed supervising the raising and care of live-stock, production of hay and other products of the ranch, and supervising the work of, and cooking for, hired men. It would be unreasonable to hold that she was liable for rental while so doing. She was under order of the court to run the ranch. Her presence upon the property was necessary to a proper discharge of her duties under this mandate.

While we are aware of general rules requiring payment for use and occupancy of premises after the death of the owner, and of the provisions of C.R.S. 1953, 152-12-5, providing for order of court therefor, it appears to us that where, as in the instant case, the widow was required to be on the premises she could not be expected to pay rent for the occupation thereof. We think under the circumstances in this case the widow's use of the property is shown by the evidence to be incidental to and necessary in the management of the ranch. See *In Re Rindge's Estate,* 136 Cal. App. 263, 28 P. (2d) 705; *Turner v. Morson,* 316 Mass. 678, 57 N.E. (2d) 18.

Third: *May laxity on the part of an administratrix in complying literally with statutory requirements as to time of filing and contents of reports, be sufficient to deny her the right to have her final accounting approved and be discharged from her trust?*

■ This question is answered in the negative. It is contended that the court erred in approving reports of the administratrix which failed to cover the entire period of administration; when more than six months elapsed between reports; and in which expenditures were not supported other than by cancelled checks which did not disclose the purpose for which the amounts were paid. An extended hearing was held by the trial court pertaining to these matters and no evidence was presented justifying a conclusion that the estate or the heirs have

suffered loss by reason of any such irregularities. Generally the matter of removal of a fiduciary rests in the sound discretion of the trial court. Under the circumstances here present we see no reason to interfere with the settlement of the estate as ordered. See *Re Estate of Robert Fehlman, Dec'd.,* 134 Ore. 33, 292 Pac. 1029, 72 A.L.R. 949, and the annotations in 72 A.L.R. p. 949.

It is clear that no loss was incurred because the inventory was filed six weeks late. The assertion that the fiduciary failed to include all the property of the estate in the inventory is adequately answered by the findings of the trial court which are supported by competent evidence. All those items claimed by the objection in the court below seem to be fully covered in general listing in the inventory and there is nothing to justify a finding of loss to the estate or the heirs by reason thereof.

Fourth: *Is a fiduciary operating the business of an estate involving a ranching project of considerable size, under order of court, liable for failure to invest funds received by her from time to time which might have produced some income for the benefit of the heirs? If so, what is the extent and measure of that liability?*

It is contended by petitioners that the trial court erred in failing to charge the administratrix with interest on funds remaining idle in her hands. We have considered this matter thoroughly and hold that under the circumstances of this case the fiduciary should not be so charged. We are not unmindful of C.R.S. '53, sections 57-3-1 and 57-3-5, and the case of *In Re Mackeys Estate,* 73 Colo. 1, 213 Pac. 131, nor of the various texts written upon this subject; nor do we hold that such a general rule of law does not obtain in this state.

To begin with, it is not clear from the record before us just how long or how much funds were held by her over the period of her administration and which could or should have been invested, having due regard for payments which were being made to and in behalf of these heirs and having due regard for almost certain litigation

which seemed imminent, the expense connected therewith, as well as the expense of managing the enterprise of which she was in charge. There was no evidence that the average amount of cash on hand was substantially in excess of that needed to carry on the business. The record is silent as to any order of court being made for the investment of funds, nor does it appear that any request or demand was ever made by any of the heirs that such action be taken.

Possibly a person more experienced in such matters, or one who through training and experience had become proficient in matters of finance, might have gained remunerative benefits through investments; but all this is a matter of conjecture in which we have no right to indulge. The county court approved her final accounting and report and we find nothing in the record requiring us to hold the fiduciary liable for failure to invest funds in her care.

Fifth: *Where an administratrix, authorized by the probate court to continue the farming operations in which decedent was engaged, borrows money without giving notice thereof to the heirs, uses the borrowed money for the benefit of the estate and repays the amount borrowed; is she entitled to reimbursement from estate funds for the amount of the loan?*

This question is answered in the affirmative. The administratrix petitioned the probate court for an order authorizing her to borrow money, which petition was granted. No notice of the application for the order was given to the heirs. C.R.S. 1953, 152-10-34 empowers a fiduciary to continue the farming business of a decedent under order of court, and provides in addition that, "* * * if, in the continuation of such business, it is necessary for the personal representative to borrow money to continue such operations, the court may, upon notice to all persons in interest, order such borrowing." Petitioners contend that under the rule applied in *Gordon-Tiger Mining and Reduction Co. v. Loomer,* 50 Colo. 409, 115

Pac. 717, the administratrix should not be credited with items of $1,022.44 and $1,510.67 expended by her in repayment of the loans. In the Loomer case promissory notes were executed by the administrator, without court authority, for loans made with which to carry on a mercantile business. The holder of the notes presented them as claims against the estate, and this court held that they were not valid obligations of the estate. Also cited as authority on the point are statements appearing in 21 Amer. Jur. 508 to the effect that if a personal representative procures a loan without lawful authority he becomes personally liable to the lender and "the latter has no claim which he can enforce against the estate * * *."

In the instant case the lender has filed no claim against the estate. The borrowed money went into the operation of the farm and the lender has been repaid. Thus we are not concerned with the question of legality as bearing upon the right of the lender to enforce payment against the estate. Nor do we have the question as to whether the administratrix is personally liable to the lender for payment of the loan. We are confronted with the question as to whether under the facts present in this case the administratrix is equitably entitled to be reimbursed for the money borrowed and used in running the ranch. In the opinion of the trial court she was entitled to be reimbursed. We cannot say from the record before us that the conclusion of the court was unjust or unlawful and, accordingly, it is upheld.

We have considered other points raised by counsel for petitioners which we mention as follows: (1) That the trial court erred in connection with its approval of leases of lands belonging to the estate; (2) that the trial court erred in approving intermediate and final reports reflecting sale of personal property; (3) that the trial court erred in refusing to order partial distribution; (4) that the trial court erred in refusing to remove the administratrix; and (5) that the trial court erred in approving

payment of a real estate broker's commission in connection with the sale of real estate.

With relation to (1) above, the record shows that the administratrix did on some occasions, by parol as well as written agreements, permit third persons to use some of the land for short periods of time for grazing sheep. She received rentals therefor which benefited the estate, has accounted for those rentals, and the probate court approved. We perceive no error in this ruling.

As to (2) above, the administratrix received court authority to sell personal property but did not make report of such sale except by inclusion of the items in her intermediate and final reports, which items were approved. There is no evidence of loss to the estate and the money received has been accounted for.

With respect to the claim that the court erred in failing to order partial distribution, we observe that no good purpose would be served by ordering partial distribution now when full distribution is ready to be made.

There is no merit to the contention that the court erred in approving payment of a real estate broker's commission.

The judgment is affairmed.