In the Matter of the Estate of RICHARD T. WILSON, Deceased.

Surrogate's Court, New York County, April 28, 1933.

*William M. Sullivan,* for the executors.

*Chadbourne, Hunt, Jaeckel & Brown,* for Marion Mason Wilson.

*Sam Bernard, Jr.,* for Thomas J. Shaw.

*Joseph F. Murray,* for Harlem G. Rubert.

*Battle, Levy, Van Tine & Fowler,* for Louisa S. Simmons.

*Beekman, Bogue & Clark* [*Matthew M. Campbell* of counsel], for Robert Goelet.

DELEHANTY, S.   No commissions on the value of the real estate are payable to the executors.   (*Matter of Salomon,* 252 N. Y. 381.) Giving full consideration to the part which the real estate played in the estate administration and the services of the attorney in relation thereto it is still necessary to evaluate such services principally on the basis of the personal estate.   Some aspects of the collection of assets and settlement of claims called for substantial services.   In other respects the estate was not troublesome.   The attorneys' fees are fixed at the sum of $12,500, against which the payment made is to be credited.   Since attorneys' fees are primarily a liability of the executors for which they are entitled to reimbursement from estate funds it would seem appropriate that the executors should discharge their liability for attorneys' fees before taking their commissions. It is by their act that insufficient cash is now available for both fees and commissions.   The consents given on the hearing to defer collection of any balance of administration expenses remove the need to consider any mortgage of the real estate.   The executors can agree among themselves as to how the balance will be adjusted. The application for leave to mortgage is denied without prejudice to renewal if adjustment is not found to be feasible.

Proceed accordingly.