In the Matter of the Estate of KINGDON GOULD, Deceased.

Surrogate's Court, Ulster County, March 9, 1949.

*Emanuel Becker* and *John M. Cashin* for Silvia G. Parker and others, as executors of Kingdon Gould, deceased.

*John P. Donohoe, N. Le Van Haver, Arthur Knox,* in person, and *Walter E. Knox* for Arthur Knox.

*Vincent G. Connelly,* special guardian for Silvia G. Thompson and others.

STERLEY, S. This is a proceeding under section 231-a of the Surrogate's Court Act, brought by Arthur Knox, a New York City attorney, to have this court fix and determine his compensation for services rendered to the executors of the last will and testament of Kingdon Gould, deceased.

Kingdon Gould died on November 7, 1945, leaving a last will and testament and codicils thereto which was duly admitted to probate by the Surrogate of Ulster County. The said will appointed Silvia G. Parker, Kingdon Gould, Jr., and Edith G. Martin, his only children, as executors and trustees. From the date of the death to February, 1947, the said Arthur Knox served as attorney and counsel for three executors and from February, 1947, to August, 1948, served as attorney for two of the three executors. The size of the estate for which Mr. Knox makes application to have his fees fixed for services therein amounts to approximately $800,000.

It has been contended, and rightfully so, that there are ordinary and usual services rendered by an attorney, who represents the executors of a large estate. It appears in this matter under consideration that the alleged services rendered herein were complicated by the fact that the decedent's affairs were scattered and had fallen into confusion. Also, the executors were located in remote and distant places and further that the executors were not entirely in accord as between themselves in regard to the affairs of the estate.

In addition to the usual services rendered by the applicant herein in relation to this estate it appears that extraordinary services were rendered with respect to the Russell Gulch Mining Company, the Furlow Development Company and the Mutual Life Insurance Company litigation against the estate of Kingdon Gould.

In general the court, in determining the justice and reasonableness of an attorney's claim for services, should consider

the time spent, the difficulties involved in the matters in which the services were rendered, the nature of the services, the amount involved, the professional standing of the counsel, and the results obtained. (*Matter of Potts*, 213 App. Div. 59, 62.)

The value of the attorney's services cannot be limited to " ' specified and detailed bills of particulars with a specified amount for each item, as in the case of goods sold, or mere manual services rendered.' "

That is necessarily so, for the real value of an attorney's services may be the result of his thought about the legal questions involved, while away from his office, at home, or elsewhere. An idea thought out in bed at night may be the most valuable part of an attorney's services, and may constitute a solution of the vital question involved in a litigation.

The standard by which the value of such services is measured is, however, the fair and reasonable value of the services rendered after considering the various elements referred to. I do not think items as to time actually employed in work on the case are of much importance. There is the ability of the attorney and his capability and success in handling large and important matters and in commanding large fees therefor, the amount involved and the result obtained, which are of prime importance in determining what constitutes a just and reasonable charge. (*Matter of Potts, supra,* p. 62.)

Expert testimony was offered by both the claimant, Mr. Knox, and the attorney for the executors. This testimony was given by two learned ex-Surrogates of Ulster County as to the value of services, which testimony in the opinion of said expert witnesses ranged between $16,000 and $29,000. This court has a most high regard for the opinions and testimony of the said expert witnesses. However, it should be construed that such testimony is of about as doubtful value as the rule of thumb method based upon percentages. This court is taking into consideration and largely depending upon his knowledge of the fairness and good faith of the witnesses and their ability, and will give it such weight as in the opinion of this court is deemed worthy. It is within the confines of the duty of this court, having heard all of the testimony and having before it all of the petitions and affidavits and other papers in connection with this application.

This court has thoroughly considered the time spent and the difficulties involved in the matters in relation to this case and feels that in view of the circumstances and facts hereinbefore

set forth much time and thought as of necessity was given to the affairs of this estate. The court has also taken thoroughly into consideration the nature of the services which services could be construed as being more than the usual amount of services rendered to an estate where only ordinary routine work is involved. The estate is of a substantial amount as hereinbefore stated involving approximately $800,000. In addition to the above this court has considered the standing of the claimant herein, Mr. Arthur Knox, and the fact that he maintains a law office in the city of New York at approximately a distance of 100 miles from this court. It has not been denied by any of the parties to this proceeding that the said Arthur Knox is a lawyer of outstanding ability of approximately 50 years of practice and has been successful in highly important litigation, and as a result has been able to obtain through his ability and experience good results in prosecuting matters before the courts.

It has been conceded that the claimant, Mr. Arthur Knox, has received on account the sum of $15,000.

It is the opinion of this court in view of the petition, testimony and all other papers filed with this court in relation to this matter and with due regard to the principles of law by which reasonable compensation of an attorney is to be determined that the fees of the claimant herein, Arthur Knox, shall be fixed in the sum of $27,000. Credit, of course, being given in the amount of $15,000 which it is claimed has been received by the applicant.

A decree upon notice may be entered accordingly.