In the Matter of the Accounting of ELLIS T. TERRY, as Administrator C. T. A. of ALBERTINE L. ROBINSON, Deceased.

Surrogate's Court, Suffolk County, December 21, 1951.

*Solomon Raffe* for administrator *c. t. a.,* petitioner.

*J. Leo Saxstien* for William J. Robinson and others, objectants.

HAZLETON, S.  A question arises as to whether the value of specifically devised real estate may be considered in determining the amount of counsel fees which should be paid an attorney for his services in connection with an estate.  The case of *Matter of Wolf* (97 N. Y. S. 2d 79 [Richmond Co., 1950]) is cited in support of the proposition that it may not be considered. Since the question seems to put undue emphasis on one of several items to be considered in fixing an attorney's fee, it seems well to first review the general rules involved.

The ultimate question in the determination of the amount of the fee to be paid to an attorney is, what constitutes reasonable compensation for the services rendered.  No formula for the ready solution of the problem may be stated, but the factors to be considered have been set forth in many cases.  It has been stated that there must be considered the legal questions arising and the value of the estate (*Matter of Bielby,* 91 Misc. 353 [1915]), the amount of time spent, the work done, the result accomplished (*Matter of Ludwig,* 112 Misc. 676 [1920]), the difficulty of the questions involved, the professional standing of counsel, and the advantage resulting to the client.  (*Matter of Potts,* 123 Misc. 346 [1925], affd. 213 App. Div. 59, appeal dismissed 241 N. Y. 510, affd. 241 N. Y. 593.)

Returning now to the case cited (*Matter of Wolf, supra*) the court there said (p. 81):  " In arriving at a fair and reasonable fee the attorney for the executrix considers the value of specifically devised real estate and the total rents collected by the executrix from the realty.  Neither the specifically devised real estate, Matter of Wilson's Estate, 147 Misc. 542, 265 N. Y. S. 672, nor the rents collected therefrom, Section 232, Surrogate's Court Act, should be considered."

The court in the *Wilson* case (*Matter of Wilson,* 147 Misc. 542, 543, decided in 1933), which was cited in *Matter of Wolf,* as its authority, made this statement:  " Giving full consideration to the part which the real estate played in the estate administration and the services of the attorney in relation thereto it is still necessary to evaluate such services principally on the basis of the personal estate."

It is apparent that the *Wilson* case is not solid support for the *Wolf* case.

Neither of these cases has been further cited by other courts. Warren's Heaton on Surrogate's Courts (Vol. 3, § 294, par. 3) disposes of the *Wilson* case by saying, that " it has been suggested that the value of the personal estate is a controlling factor ", citing *Matter of Wilson.*  " This rule, however, would

not apply where there was much real estate requiring attorney's services.''

I have been unable to find other cases which state the doctrine of the *Wilson* and *Wolf* cases. It must also be said that I have been able to find no cases which specifically hold that real estate, whether specifically devised or not (logically, there is no reason for a distinction), is to be considered in determining the value of the estate and in considering that value as one of the factors in determining the reasonable value of legal services. However, there are many cases involving the fixing of legal fees where the value of the estate mentioned included both real and personal property and no attempt was made by the court to break down the two classes of property. In most of these cases, a statement was simply made that the estate amounted to '' X '' dollars. There are other cases where a statement is made as to the amount of the estate and no further breakdowns as to realty and personalty, specific bequests or devises and otherwise are made. On the other hand it should be pointed out that in some of these cases, the figures that the courts had before them were derived from the executor's account, which, of course, would not include specifically devised real estate. However, after examining all these cases, I am left with a strong feeling that the *Wolf* and *Wilson* cases are not good law and that they need not be followed. (*Matter of Felton,* 199 Misc. 507 [1950]; *Matter of Gould,* 194 Misc. 601 [1949]; *Matter of Sharp,* 140 Misc. 427 [1931]; *Matter of Potts,* 213 App. Div. 59, *supra* [1925]; *Matter of Bielby,* 91 Misc. 353, *supra* [1915]; *Matter of Brown,* 87 Misc. 541 [1914]; *Matter of Sewell,* 32 Misc. 604 [1900]; *Gross* v. *Moore,* 14 App. Div. 353 [1897].)

There is an interesting case which used a percentage method of fixing a fee, but apparently only as a '' rule of thumb ''. Surrogate WINGATE of Kings County in *Matter of Kentana* (170 Misc. 663 [1939]), citing no authority, stated: '' As has been observed on many occasions, the reasonable compensation of counsel for the conduct of an uncomplicated estate of moderate size will ordinarily approximate between five per cent of the gross assets and a single executor's commission.'' If this formula were anything but a '' rule of thumb '', one might state unequivocally that it is not the law.

Presumably where a percentage method is used as a '' rule of thumb '' to determine the reasonable value of services, it is based on the premise that experience has shown that in the ordinary estate the amount of work done, etc., is reflected in the value of the assets. If this is the reason for the use of a

percentage method, then there is no valid reason to eliminate real estate, whether specifically devised or otherwise, from the value used in the rule of thumb. In the ordinary case, specifically devised real estate involves as much work and attention by the attorney as does any other asset. For example, it almost always involves *more* attention than shares of stock of equal value regularly traded on the New York Stock Exchange.

To summarize, it appears that if a percentage method based on amount of assets is used as a " rule of thumb " to determine the reasonable value of legal fees, there appears to be no valid or logical reason to exclude any assets of the estate whatsoever. If the question of the inclusion of specifically devised real estate arises where it is desired to fix the " amount of the estate " as one of the several factors to be considered in fixing a fee, the *Wilson* and *Wolf* cases do not appear to be controlling.

As a practical matter, in the latter case, the question is purely academic, for even if a Surrogate agreed with the *Wilson* and *Wolf* cases (*supra*), he might then proceed to determine the reasonable value of legal services based on all factors that he is required to consider and come up with a figure which was exactly equal to the figure that would be derived by using a percentage method and including specifically devised real estate.

I hold that the amount of the gross estate is one of the factors to be considered in fixing the reasonable compensation of an attorney for services rendered during the administration of an estate. The term " gross estate " is intended to include all assets as appraised in the tax proceeding.

The file in this matter has been read. I understand the work the attorney did. Among other things it included an avoidance of a threatened contest and searching the records so as to make abstracts of title for twelve parcels of property. A construction proceeding was also conducted and the tax proceedings were somewhat involved. The attorney's services included more than usually required to be rendered in the average estate. A verified petition setting forth in detail his services has been submitted.

Because of the change in our economy, compensation accordingly has been increased in many fields but not so in the practice of the law. To somewhat meet this situation the Suffolk County Bar Association in June, 1951, adopted a schedule of suggested advisory minimum fees, which I have found workable and helpful. Anent matters in the Surrogate's Court the schedule reads as follows:

"On estate up to $1000, in obtaining Letters of Administration or Letters Testamentary (uncontested) 75.00

"Services including grant of Letters and tax proceeding, computed on Gross Estate (the term 'gross estate' to include all assets as appraised in tax proceeding):

*5% to $5000 (with minimum of $150.);

*4% from $5000 to $50,000.;

*3% on excess above $50,000.

---

* Services after tax proceeding, e.g. accounting and distribution,—additional charge of 33⅓% of above schedule of fees."

The instant estate amounts to approximately $53,000, of which about $12,000 consists of personal property, the balance being made up of specifically devised real estate. If I were to follow the minimum fees suggested by the Suffolk County Bar Association, the allowance on this gross estate would roughly amount to $2,853. However, after taking into consideration those factors I believe to be pertinent to this application, I fix petitioner's fee in the sum of $2,000, plus disbursements of $98.86 as taxed, as a fair and reasonable allowance.

Submit decree accordingly on notice.