567 P.2d 820 (1977)
In the Matter of the ESTATE of Austin M. PAINTER, Deceased.
The COLORADO STATE BOARD OF AGRICULTURE, Beneficiary-Appellant,
v.
The FIRST NATIONAL BANK OF GREELEY, Colorado, and its counsel, William H. Southard, Personal Representative-Appellees.
No. 76-329.
Colorado Court of Appeals, Div. I.
July 21, 1977.
*821 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., J. Stephen Phillips, Deputy Atty. Gen., Denver, for beneficiary-appellant.
Jack D. Henderson, Denver, for personal representatives-appellees.
SMITH, Judge.
Following the administration of the Austin M. Painter estate, valued at approximately one million dollars, the district court awarded the administrator, The First National Bank of Greeley, $39,337 in fees and counsel for the administrator, William H. *822 Southard, $42,000 in fees. On the basis that the duties performed by the administrator and counsel were of a routine nature and involved no legal disputes, a beneficiary of the estate, The State Board of Agriculture, challenges those awards as being excessive. We agree that they were excessive and remand for a redetermination of both awards.
Responding to "the public outcry over antiquated and expensive probate laws", Colorado Legislature Council, Research Publication # 194, Colorado Probate Code XXVII (1972), The General Assembly, in 1972, authorized a review of The Colorado Statutes relating to probate and estate administration. That review led the legislative council to conclude:
"[T]he [current] system of probate and administration is often unnecessary, inordinately cumbersome, expensive and time consuming . . . ." Research Publication # 194, supra, at XXVII.
Subsequent to this review, the legislature sought to simplify estate administration procedures and reduce probate costs through the enactment of the Colorado Probate Code § 15-10-101 et seq., C.R.S. 1973. (CPC). In furtherance of that objective, the CPC substitutes a standard of reasonableness for the former percentage method of setting fees for personal representatives and attorneys. Compare §§ 15-12-719, 15-12-721, C.R.S. 1973 with C.R.S. 1963, 153-14-16.
The percentage method which existed in the statute prior to enactment of the CPC was based upon the premise that the amount of work required in estate administration is directly proportional to the value of the assets. See In re Estate of Bloomer, 43 N.J.Super. 414, 129 A.2d 35; In re Robinson's Will, 202 Misc. 231, 109 N.Y.S.2d 67. The General Assembly recognized the error of this premise when it enacted the CPC, accepting the reality that the duties of a personal representative and those employed by him, if any, vary greatly depending upon numerous factors, only one of which is the monetary value of the estate.
Reasonable compensation under the CPC is to be determined by considering certain factors, including but not limited to: (1) the time and labor required, novelty and difficulty of the questions involved, and skill required to perform the service properly; (2) the likelihood that other employment will be precluded by acceptance of the particular employment for which fees are sought; (3) the fee customarily charged in the locality for similar services; (4) the amount involved and results obtained; (5) time limitations upon such services as were rendered; (6) and the experience, reputation, and ability of the person performing the services. Section 15-12-721(2), C.R.S. 1973. To determine how these criteria are to be applied and the weight to be given to each in the setting of fees represents the crux of the issue before us.
A multitude of factors determine the complexity and amount of work required of a decedent's personal representative and his counsel such as: location and form of assets; the existence and nature of encumbrances against these assets; claims against the estate; the number and age of heirs or devisees, and whether or not they can be located; the presence of legal issues which invite, or necessitate, litigation; and the complexity of the litigation itself. Hence, the critical question in determining what constitutes a reasonable fee is not how large or small is the estate, see In Re Chieffo's Estate, Sur., 86 N.Y.S.2d 343, but rather what actual services were required and rendered. Chase v. Lathrop, 74 Colo. 559, 223 P. 54; McLaughlin v. Old Colony Trust Co., 313 Mass. 329, 47 N.E.2d 276.
We are aware that some administrations involve extended negotiation or complex litigation and that they require that those responsible possess and exercise greater expertise and training in protecting and zealously representing their clients' interests than if the administration is merely routine. See Code of Professional Responsibility, DR 7-101. Thus, a personal representative or one employed by him in a complex estate should be compensated on a basis which takes into account such expertise. *823 In Re Chieffo's Estate, supra. Accordingly, those involved in administering an estate requiring special expertise, such as litigation skills, are entitled to compensation which, in addition to compensating for time spent, gives emphasis to the factor of amount involved and results obtained. See In re Estate of Seabrook, 127 N.J.Super. 135, 316 A.2d 698; Wolfe v. Turner, 267 Md. 646, 299 A.2d 106; cf. McLaughlin v. Old Colony Trust Co., supra. On the other hand, services which are routine and require no special expertise or experience should be compensated with more weight being given to the factor of amount of time expended.
Here there is no question but that administration of the Painter estate was routine. There were no novel or difficult questions. The major assets consisted of approximately one million dollars in American Home Products Stock, which is regularly traded on the New York Stock Exchange, U.S. Treasury Bonds, and bank accounts. These assets were at the time of Painter's death, already in the possession of the personal representative, The First National Bank of Greeley. It had served as paid conservator for many years prior to Painter's death. Thus, no marshalling of assets was required. To preserve the value of the estate, the bank performed the relatively simple and painless tasks of selling the stock and purchasing its own certificates of deposit. No search for devisees was required to be undertaken, since all were known. There were no questionable claims against the estate. There was no will contest in which the bank or the counsel for the estate, Mr. Southard, were required to appear. Southard made no appearance in court other than that made at the hearing to set fees. Preparation and filing of tax returns by Southard admittedly could have been accomplished by accountants and involved no substantial difficulties. The distribution of assets pursuant to a court approved stipulation of all the parties was uncomplicated and routine. There was no evidence that employment by the estate precluded any other employment, either for the bank or Southard.
It is apparent that the two expert witnesses who testified for the bank and Southard as to fees customarily awarded arrived at their opinions using the percentage method that was expressly rejected by the General Assembly when it adopted the CPC.
We hold that, in setting fees under the CPC, the trial court must consider and weigh all of the factors which the code enumerates.
We conclude therefore, that the fees awarded to both the administrator and counsel for the administrator, whose services were routine, were excessive.
Order reversed and cause remanded for a redetermination of fees for both the administrator and counsel in accordance with the views expressed herein.
SILVERSTEIN, C. J., and RULAND, J., concur.