In the Matter of The ESTATE OF Austin M. PAINTER, Deceased.

The COLORADO STATE BOARD OF AGRICULTURE,
Beneficiary-Appellant,

v.

The FIRST NATIONAL BANK OF GREELEY, COLORADO, and its counsel, William H. Southard, Personal Representatives-Appellees.

No. 79CA0093.

Colorado Court of Appeals, Div. I.

Dec. 18, 1980.

Rehearing Denied Feb. 19, 1981.

Certiorari Denied May 4, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., J. Stephen Phillips, Asst. Atty. Gen., Denver, for beneficiary-appellant.

Jack D. Henderson, Denver, for personal representatives-appellees.

RULAND, Judge.

As a beneficiary of the Estate of Austin M. Painter, deceased, the State Board of Agriculture again appeals from the district court's order awarding fees to the administrator of the estate, the First National Bank of Greeley, and to William Southard, counsel for the estate. This court reversed as excessive the district court's initial award of $39,337 to the bank and $42,000 to counsel. We held that fees awarded under the Probate Code must be based upon a consideration of all of the factors which the Code enumerates. See § 15–12–721, C.R.S. 1973; *In re Estate of Painter*, 39 Colo.App. 506, 567 P.2d 820 (1977). Following a remand to the district court sitting in probate, a hearing was conducted to redetermine those fees. The bank was then awarded $34,500 and counsel was awarded $39,000. We reverse and remand for additional proceedings.

On remand, the district court ruled that additional evidence was required because the expert witnesses who testified at the first hearing had improperly arrived at their opinions by using a percentage method. While counsel and the personal representative testified in the initial hearing as to partial estimates of time expended, extensive evidence was presented at the second hearing concerning time expended prior to the initial hearing and time expended between the dates of the initial hearing and the second hearing. In addition, counsel and a trust officer for the bank testified in detail as to the difficulties in administra-

tion of the estate. Particularly, the potential beneficiaries of the estate did not necessarily agree on how the principal asset of the estate, a particular corporate stock, should be handled, and preparation of the tax returns and securing the tax refunds were complicated by a potential will contest.

An expert witness who was a former estate tax auditor for the Internal Revenue Service testified relative to a proper fee for the bank. The qualifications of this expert were not questioned, and he placed a reasonable fee at $34,500 after considering the factors enumerated in the Code and relating the work done in this estate to those factors. Specifically, this witness stated that many estate representatives would not have had the expertise to resolve the proper procedure for handling the tax returns, given the special problems posed by the will contest and the fact that taxation of the estate would differ greatly depending upon the outcome of the litigation.

Two experts testified relative to an appropriate fee for counsel, and both considered the factors enumerated in the Probate Code. One witness placed the proper fee at $40,000 to $45,000; the second witness placed the appropriate fee at $39,000. The State Board presented one expert who testified relative to counsel fees. After considering the factors enumerated in the Code, this witness concluded that an appropriate fee would be in the $15,000 to $20,000 range.

Following presentation of testimony, the district court entered written findings of fact, noted that it had considered all of the factors contained in the Code in arriving at its award, and awarded the fees now on appeal. Based on expert testimony, the court specifically found that the duties performed by the bank and counsel were not routine.

The principal contention of the State Board is that the evidence fails to support the awards made. The State Board contends that all of the essential information as to administration of the estate was presented in the initial hearing, that this information was before this court, and that, therefore, the awards made are again excessive. However, we conclude that evidence presented at the second hearing did establish that novel problems were presented in the administration of the estate and that preparation of the tax returns was complicated as a result of those problems.

The State Board also objects to an award of any fees for time expended by the bank and counsel, between the dates of the first and second hearing, in connection with litigation of their fees. We agree.

We note initially that neither the expertise, reputation, nor ability of the bank or counsel has ever been questioned. *See* § 15–12–721(2)(g), C.R.S.1973. Further, it is apparent that the estate has been administered competently and efficiently. *See* § 15–12–721(2)(d), C.R.S.1973. Finally, there is no evidence that the fees awarded exceed those "customarily charged in the locality for similar services." Section 15–12–721(2)(c), C.R.S.1973.

Looking first to the bank's fee, we note that the testimony of the expert on this fee was not controverted by the State Board. While vigorous cross-examination raised various questions as to the accuracy of the time records submitted by the bank, the issues of the credibility and probative effect of that evidence are reserved for the trial court and not this court. *See Broncucia v. McGee*, 173 Colo. 22, 475 P.2d 336 (1970). The same principle applies as to the credibility of the experts' testimony. *See People v. Parks*, 195 Colo. 344, 579 P.2d 76 (1978). And, we note that the testimony of a trust officer for the bank is uncontroverted that the bank's efforts to seek other business were curtailed by the time demands of this estate. *See* § 15–12–721(2)(b) C.R.S.1973.

Turning next to counsel's fee, we note that vigorous cross-examination again raised various questions concerning the time estimates submitted by counsel. However, once more, the question of the credibility and probative effect of that evidence, as well as the expert testimony, must be

assessed by the trial court. *Broncucia v. McGee, supra.* And, while counsel again conceded that the tax returns could have been prepared by accountants, there was no evidence as to what amount, if any, this might have saved the estate.

■ We do find merit in the State Board's contention that the probate court erred in considering time expended by the bank and counsel in preparing for and participating in litigation of the fees issue between the date of the initial hearing and the second hearing. A second hearing was necessary because expert witnesses who testified at the first hearing had improperly arrived at their opinions by using a percentage method. This furnished the bank and counsel an opportunity to present substantially more testimony concerning expenditures of time and the difficulties encountered in the administration of the estate. Fees should not be awarded for this expenditure of time because the second hearing was necessitated by presentation of certain irrelevant evidence in the first hearing. Nor should the expert witnesses be permitted to consider this time expenditure in expressing their opinions as to an appropriate fee.

The State Board next contends that this court should establish the proper fees and avoid still a third hearing on this issue. We cannot agree.

An accurate assessment of the time expended by the bank and counsel in litigating their fees after the initial hearing to determine fees must be resolved by appropriate findings of fact. The time spent litigating fees, as distinguished from time spent in actual administration of the estate, must be excluded in determining the proper fees which are chargeable against the estate.

The award of fees is reversed and the cause is remanded with directions to the district court to determine the amount of time expended by the Bank and counsel in preparation for the second hearing, to exclude this time in calculating the appropri-

ate fees, and to enter a modified order to this effect.

SMITH and BERMAN, JJ., concur.