In the Matter of the ESTATE OF Austin M. PAINTER, Deceased.

The COLORADO STATE BOARD OF AGRICULTURE,
Beneficiary-Appellant,

v.

The FIRST NATIONAL BANK OF GREELEY, Colorado, and its counsel, William H. Southard, Appellees.

No. 81CA1211.

Colorado Court of Appeals,
Div. II.

Aug. 25, 1983.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., David K. Rees, Asst. Atty. Gen., Denver, for beneficiary-appellant.

William H. Southard, Greeley, for appellees.

STERNBERG, Judge.

This case is before us for the third time after being remanded twice for additional hearings. Once again the State Board of Agriculture, a beneficiary of the estate of Painter, appeals the fees awarded to the administrator of the estate, First National Bank of Greeley, and counsel for the estate. Also at issue are the fees awarded to them in the second appeal and third hearing. We affirm in part and reverse in part.

Following a hearing, the district court initially awarded fees of $39,337 to the administrator and $42,000 to the attorney for the estate. In the first appeal, this court ruled that an improper standard was used to determine the fees and that the award was excessive, and remanded for a redetermination of the award using the criteria in § 15–12–721, C.R.S.1973. *In Re Estate of Painter,* 39 Colo.App. 506, 567 P.2d 820 (1977) (Painter I). The district court held a second hearing and reduced the award to $34,500 and $39,000 respectively.

The Board appealed again, arguing that the factors enumerated in § 15–12–721, C.R.S.1973, did not justify the award, and also objected to an award of fees for time expended in connection with litigation of the fiduciary and attorney fees. On that appeal, *In Re Estate of Painter,* 628 P.2d 124 (Colo.App.1980) (Painter II), we did not rule that the fees were excessive under the statute. Rather, because the remand in *Painter I* afforded the bank an opportunity to present additional evidence to support their fee, we agreed with the Board that time spent litigating the fee should not be awarded out of the assets of the estate. We remanded the cause to the district court to determine the amount of time which should be excluded as being fee-related.

Prior to the third hearing, the Board moved to disqualify the judge. The judge who had presided over the first two hearings had since retired, but was assigned to continue to preside in this matter pursuant to *Colo. Const.,* Art. VI, Sec. 5(3) and § 24–51–607(5), C.R.S.1973 (1982 Repl.Vol. 10). During his retirement the administrators of another estate of which the state was a beneficiary had asked this judge to testify as an expert in support of their fees which were being challenged by the state. The alleged interest requiring disqualification here arose from the judge occupying a position adverse to the state and in favor of

a high fee in this other case. The judge did not disqualify himself.

At the third hearing, one of the issues, and the principal issue on this appeal, was whether the directions on remand in *Painter II* require exclusion of fees for time expended between the dates of the first and second hearing, or from the time between our remand on July 21, 1979, and the second hearing. The trial court applied the latter, less inclusive period. Additionally, the court awarded from the assets of the estate the fees of separate counsel who represented the administrator and the attorney for the estate on the second appeal and at the third hearing.

## I.

■ We address first the Board's contention that the trial judge should have disqualified himself. This contention raises difficult and novel issues relating to retired judges who perform temporary judicial duties under § 24–51–607(5), C.R.S.1973 (1982 Repl.Vol. 10).

By statute and rule, a judge shall not act in an action or proceeding in which he is interested or prejudiced, or is or has been a material witness, or is so related or connected with any party or his attorney as to render it improper for him to preside at the trial. Section 13–1–122, C.R.S.1973; C.R. C.P. 97. In a situation in which the trial judge may benefit in a pecuniary way depending on his decision, the judge would have no alternative but to disqualify himself. *Russell v. Wheeler,* 165 Colo. 296, 439 P.2d 43 (1968). And, an interest relating to the subject matter of the litigation may require disqualification. *Kubat v. Kubat,* 124 Colo. 491, 238 P.2d 897 (1951). But, contrary to the situation in the criminal cases cited to us by the Board, whether to disqualify himself in a civil case is a question within the discretion of the trial judge, and the judge's ruling on that issue will not be disturbed on appeal absent a showing of an abuse of that discretion. *In Re Marriage of Mann,* 655 P.2d 814 (Colo.1982).

The Colorado Code of Judicial Conduct Canon 2 provides that a judge should avoid the appearance of impropriety and "should conduct himself ... in a manner that promotes public confidence in the integrity and impartiality of the judiciary." The actions of this retired judge in becoming an expert witness in a case concerning the same issue—size of attorney fees in an estate proceeding—as in dispute here does raise the specter of an appearance of impropriety. In our view the judge was ill-advised to place himself in this position and then preside at the trial of this case. However, the judge did not actually testify in the other case, and although his ruling here was adverse to the Board, the record contains no indication that the judge acted with prejudice. We note also that the Supreme Court declined to issue a writ of prohibition against the judge hearing the case. *State Board of Agriculture v. District Court,* (Colo. No. 81SA333, order dated August 17, 1981). Considering all of these factors, we conclude that the judge did not have such an interest as to require disqualification, and that there was no abuse of discretion in not granting the motion.

## II.

■ As to the court's ruling on fees, there is an apparent conflict between the language of different parts of the opinion in *Painter II.* The more inclusive language is used where we noted initial agreement with the position of the state board, whereas the less inclusive language is used in the directions on remand. Because we view the directions on remand, rather than a general expression of agreement with the state board's position, to be the language which controls further proceedings, we agree with the trial court's selection of dates.

■ Our directions in the remand in *Painter II* were to "determine the amount of time expended by the bank and counsel in preparation for the second hearing" and to exclude this time in calculating the appropriate fees. This determination was made by the trial court. Our decision in *Painter II* is the law of the case, precluding further argument respecting the appropriate dates between which to exclude attor-

ney and administrator fees. *Verzuh v. Rouse,* 660 P.2d 1301 (Colo.App.1982). We consider the trial court's findings on the time spent by the administrator and attorney for the estate to be binding on review. *Linley v. Hanson,* 173 Colo. 239, 477 P.2d 453 (1970).

### III.

■ However, we do agree with the Board that the cost of separate counsel to represent the bank and the estate's attorney should not be awarded from the estate. The trial court approved the appointment of attorney Henderson to represent the bank and the estate's attorney on the fee issue. Thus, Henderson's client was not the estate and the issues were not related to estate administration.

The administrator argues that Henderson's fees should be allowed from the estate by virtue of § 15–12–720, C.R.S.1973, which entitles a personal representative to necessary expenses to defend or prosecute a proceeding in good faith. In our view, fees collectable under this section must necessarily be related to services rendered to benefit the estate. Henderson's services benefited the personal interest of the bank and the estate's attorney and not the estate. *See Goodknight v. Harper,* 75 Colo. 141, 225 P. 215 (1924); *In Re Estate of McKeen,* 40 Colo.App. 90, 573 P.2d 936 (1977); *Estate of Stephens,* 117 Ariz. 579, 574 P.2d 67 (1978); *Estate of Murdock,* 220 Kan. 459, 553 P.2d 876 (1978).

That portion of the judgment ordering payment of the fee for counsel for the administrator and the estate's attorney in the second appeal and third hearing is reversed. The rest of the judgment is affirmed.

SMITH and METZGER, JJ., concur.