In the Matter of the ESTATE OF Edward Andrew SCHLEICHER, a/k/a Edward A. Schleicher and Edward Schleicher, Deceased.

John MOTT, Personal Representative of the Estate of Edward Andrew Schleicher, Petitioner–Appellee

v.

Ray MEIER, Respondent–Appellant.

No. 89CA0760.

Colorado Court of Appeals,
Div. V.

June 7, 1990.

Wade Ash Woods Hill & Guthery, P.C., James R. Wade, Denver, for petitioner-appellee.

Friedman & Solomon, P.C., Dale Parrish, Denver, for respondent-appellant.

Opinion by Judge DUBOFSKY.

Respondent, Ray Meier, appeals the trial court's determination that John Mott, the personal representative of the estate of Edward Andrew Schleicher, deceased, made a sufficient showing of entitlement to funds from a joint account Meier had with the decedent. He further contends that the trial court provided an inadequate hearing to resolve this issue. We reverse.

In 1985, Mott drafted a will for Schleicher which established legacies of varying percentages of Schleicher's estate to approximately 40 different people. After Schleicher executed his will, Meier, who was a lifetime, close personal friend of Schleicher, became joint trustee of several bank accounts made up entirely of Schleicher's assets. The accounts were created after the will was made and during the last years of Schleicher's life. Through the joint accounts, Meier claims virtually all of Schleicher's assets.

Mott, who was designated personal representative of the estate upon Schleicher's death, concluded for several reasons that he needed to investigate the facts and legality of the transfer of Schleicher's assets to these accounts. Mott filed several petitions with the probate court concerning the use and disposition of the funds in the joint accounts. These petitions requested the court to: (a) restrict Meier's use of the money in the accounts; (b) impose a constructive trust and declare the personal representative proper owner of the accounts; (c) instruct the personal representative as to how to proceed in resolving the dispute; and (d) approve payment of past and future legal fees on the joint accounts. In pursuit of determining these issues, significant legal fees have and will be incurred, and the court authorized the personal representative to pay such fees from the funds in the joint accounts. That ruling is the focus of this appeal.

Unless the accounts in issue are invalidated, Meier will become the sole owner of more than $300,000 in them. To protect the integrity of the accounts, Meier argues that, before the personal representative and the lawyers for the estate can obtain payment for past and future legal efforts, they must make a good faith showing under § 15–15–107, C.R.S. (1987 Repl.Vol. 6B), of the necessity of such expenses.

■ Section 15–15–107 allows for a personal representative to obtain funds from multiple-party accounts, in order to pay, *inter alia*, the administrative expenses of the estate. The parties here do not contest, and thus we do not determine, the applicability of § 15–15–107 as a legal basis for the payment of these attorney fees. *See In re Estate of McDivitt*, 169 Mich. App. 435, 425 N.W.2d 575 (1988).

Meier, however, argues that the requirements for payment of attorney fees under § 15–12–720, C.R.S. (1987 Repl. Vol 6B) must be met. We agree with this contention.

Here, the trial court repeatedly stated that § 15–15–107 was a "blank check" for the personal representative and the estate's lawyers to investigate this issue. Also, it did not determine whether the fees and expenses incurred and anticipated by the personal representative were supported by his good faith belief that the joint accounts were not properly established and that the requirements of § 15–12–720 had been met. We conclude that in so ruling the court erred.

The personal representative concedes the court's use of the term "blank check" was, at a minimum, inartful, but he argues the

court provided a hearing and determined there was a sufficient basis for the expenditure of these funds. The record does not support this contention.

We agree with Meier's contention that the court should have explicitly applied the requirements of § 15–12–720 in resolving this issue. Not only did the trial court use an erroneous "blank check" analysis at various times during the proceeding, in its final order the court did not indicate on what legal basis it made its determination. It simply ordered the payment of past fees and expenses as well as the future ones. We agree with Meier that § 15–15–107 is not a "blank check" and the court must closely scrutinize requests for payments of past and future attorney fees based on the legal standards set out in § 15–12–720.

In making that determination the court should, where appropriate, also apply those standards enunciated in § 15–12–721, C.R.S. (1987 Repl. Vol. 6B). *See also In re Estate of Painter*, 39 Colo.App. 506, 567 P.2d 820 (1977). Moreover, the trial court should determine whether the past services were both appropriately rendered and necessary. *See Chase v. Lathrop*, 74 Colo. 559, 223 P. 54 (1924); *In re Estate of Painter, supra.*

Here, Meier argues that approximately $15,000 of what indeed may be his money has been expended to investigate the propriety of the setting up of these accounts. Our review of the record does not reflect an evidentiary showing by the personal representative as to the purpose for which the funds were expended. He provides no detailed statement or explanation of what was done by the lawyers and others to "investigate" this matter. Without this evidence the court could not have determined whether the fees were incurred either in good faith or reasonably.

As to the future expenditure of funds for further investigation and a possible lawsuit, there was a total absence of a detailed description of what the personal representative expected to do with these funds and the allotment of the funds into various categories. Here, where the personal representative essentially requested the court to authorize receipt of funds for potential future litigation, such authorization should carry with it a finding that the investigation and potential suit is in good faith, is for the benefit of the estate, and is reasonably necessary. *See Estate of Murdock*, 220 Kan. 459, 553 P.2d 876 (1976).

We note that typically where the personal representative is expending estate assets for administrative assistance expenses, including legal fees, he is granted the right to do so without prior court approval. *See* §§ 15–1–804(1), 15–1–804(2)(s), and § 15–1–804(2)(x), C.R.S. (1978 Repl. Vol. 6B). Here, however, the personal representative requested approval from the court for past and future expenses and the money requested obstensibly belongs to another person. Thus, if the trial court is required to determine there is a reasonable and good faith basis for the expenditure of the joint account funds, then it will be less likely that the account's assets will be improperly depleted.

Furthermore, at the hearing, the personal representative produced evidence consisting mostly of statements by Meier to him and John Grace, an attorney in the personal representative's office. These statements arguably indicated that the decedent told Meier that he intended for the money in these accounts to pass into the estate after this death. The personal representative also pointed out the presumption of invalidity of the transfers into the joint account. *See Gehm v. Brown*, 125 Colo. 555, 245 P.2d 865 (1952). Finally there was evidence that the transfer of a significant part of the funds occurred immediately before Schleicher's death at age 90.

By this opinion, we do not suggest that these factors are not sufficient to justify a reasonable expenditure of attorney fees in order to investigate the legality of the transfer and, if necessary, to litigate it. We also recognize that the personal representative has a significant responsibility to defend and bring lawsuits which in his view are necessary. *See Beardshear v. Beardshear*, 163 Colo. 333, 432 P.2d 235 (1967).

We conclude, however, that here the trial court failed to apply a proper legal standard to review past and prospective expenditures under § 15–15–107, and failed to require a more detailed explanation and justification from the personal representative as to his past and future expenses.

The order of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

CRISWELL and DAVIDSON, JJ., concur.