**DEPOSITORS' COMMITTEE, Appellant,**

**v.**

**FINANCIAL MANAGEMENT TASK FORCE, INC., Appellee.**

**No. 90CA0031.**

Colorado Court of Appeals, Div. I.

Jan. 31, 1991.

Rehearing Denied March 7, 1991.

[redacted]

[redacted]

[redacted]

[redacted]

Faegre & Benson, Christian C. Onsager and Margaret M. McNamara, Denver, for appellant.

Hopper, Kanouff, Smith, Peryam & Terry, Kevin Haight, Denver, for appellee.

Opinion by Judge CRISWELL.

Depositors' Committee, the committee authorized to represent the interests of the depositors in this bank liquidation proceeding, appeals the district court's award of certain fees and expenses to the receiver of Bankwest Industrial Bank (bank). The question presented is whether a bank receiver is entitled to be reimbursed for the time and expenses incurred in litigating the issue of its entitlement to the fees requested by it. The trial court concluded that the receiver was entitled to be paid a fee for such time and to be reimbursed for the legal expenses incurred in such activity. We reverse.

The abbreviated record on appeal makes it difficult to place the issue presented in context. Nevertheless, it appears that the initial litigation in the trial court began as an injunctive action against the state bank commissioner to prevent the commissioner from taking possession of the bank's assets. *See* §§ 11-22-602 and 11-22-603, C.R.S. (1987 Repl.Vol. 4B). Such injunctive relief was not granted, however, and the banking board later appointed the receiver pursuant to § 11-22-613(3), C.R.S. (1990 Cum.Supp.).

Under this latter statute, the receiver has the "duty and obligation to act in the best interests of [the bank's] depositors, to

protect their deposits, and to maximize the return of funds to them in the most equitable and expeditious manner possible under the circumstances." Section 11–22–613(4)(a)(I), C.R.S. (1990 Cum.Supp.) Hence, under this statute, the receiver acts as a fiduciary for the bank's depositors.

In order to fulfill this fiduciary duty, the receiver is empowered to "employ assistants and legal counsel" and to be compensated for these expenses. Section 11–22–613(4)(d), C.R.S. (1990 Cum.Supp.). All such "necessary and reasonable expenses ... shall be paid out of the assets of the bank." Section 11–22–602(6), C.R.S. (1990 Cum.Supp.).

From time to time after its appointment, the receiver applied to the court for an order authorizing it to be reimbursed for the time spent by its employees upon the bank's liquidation and for legal fees for its counsel. From time to time thereafter, the committee would register objections to specific items for which reimbursement was sought. Finally, after certain objections were resolved by stipulation, a hearing was held by the trial court upon the committee's objections, and most of the committee's objections were disallowed.

In addition, however, the receiver requested that it be paid a fee for the time its employees expended in preparing for and attending the hearing on the committee's objections and that it be reimbursed for legal fees incurred by it in defending against such objections. The trial court granted this request and authorized payment to the receiver. In doing so, the trial court made no finding that the committee's objections were groundless, frivolous, or not pursued in good faith; it simply concluded that such payment was authorized by § 11–22–613(4)(d). Hence, the question of who should be liable for the payment of fees in the event of a frivolous, groundless, or bad faith objection is not raised here, and we do not address that question.

On appeal, the committee does not object to reimbursement to the receiver for the time and costs it expended in preparing any fee request itself. The committee presumably admits that, to the extent that a re-ceiver spends time or money in keeping accurate records of its services and in preparing an accurate, detailed description of those services, the depositors are provided with a means of verifying the nature and quantity of the services rendered and, to this extent at least, such expenditures of time or funds by the receiver is of benefit to the depositors, as well as to the receiver. *See In re Nucorp Energy, Inc.*, 764 F.2d 655 (9th Cir.1985). Hence, nothing within this opinion should be read as passing upon the propriety of the award of fees and expenses incurred for this purpose.

The committee argues, nevertheless, that, after a banking receiver files a request for compensation and reimbursement and objections thereto are filed, any fees or expenses incurred by the receiver in defending against those objections are of no benefit to the depositors in whose interests the receiver must act. The efforts expended in defending against such objections are solely for the benefit of the receiver, it says. Thus, it argues that the bank's assets should not be used to pay for these defense efforts because such payment would not be "necessary and reasonable" to the purpose of the receivership. We agree.

There are a number of circumstances under which one party to a legal proceeding may be entitled to reimbursement for legal fees and other litigation expenses. Our review of existing law discloses that whether the fees and expenses incurred in proceedings to establish the amount of fees to be awarded are themselves a proper litigation expense depends upon the nature and purpose of the proceedings for which the fees are awarded and the source from which such fees are to be paid.

There are several statutes which provide for the payment of attorney fees to the "prevailing party." For example, 42 U.S.C. § 1988 (1989) authorizes an award of attorney fees to the prevailing party in litigation under various federal civil rights statutes.

Because the purpose of these civil rights statutes is to allow important claims to be asserted without cost to the successful plaintiff, and because such fees are to be

awarded in addition to, and not out of, other compensation to be awarded to the plaintiff, it is the general rule that, in such statutory cases, fees incurred in litigating the issue of the award of attorney fees are recoverable. *See Spain v. Mountanos*, 690 F.2d 742 (9th Cir.1982); *Johnson v. Mississippi*, 606 F.2d 635 (5th Cir.1979); *Gagne v. Maher*, 594 F.2d 336 (2nd Cir.1979), *aff'd*, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980).

In these cases, the courts have reasoned that the statute was intended to allow a plaintiff to assert a claim without cost to himself and that, if fees were not awarded, either the prevailing party would be required to pay them, thus diluting his award, or counsel would not be fully compensated for the services rendered.

In addition to these situations involving a statutory award of attorney fees to be paid by an adverse party, there are also other instances in which the courts, without express statutory authority, have approved payment of fees and litigation expenses out of the proceeds of the litigation. In these instances, the efforts of the plaintiff and his legal counsel have resulted either in the creation or in the preservation of a fund which benefits other parties. Therefore, if litigation fees were not payable out of this common fund, the other beneficiaries of the litigation would be unjustly enriched. In such circumstances, courts have authorized the award of attorney fees to the party responsible for the creation or preservation of the fund, payable out of the fund itself. *See Agee v. Trustees of Pension Board*, 33 Colo.App. 268, 518 P.2d 301 (1974).

However, in these latter instances, the courts have authorized fees to be paid only to the extent that the fees are for services that were of benefit to the owners of the common fund.

For example, in *City of Detroit v. Grinnell Corp.*, 560 F.2d 1093 (2nd Cir.1977), which involved a class action recovery under the anti-trust laws, the court stated that "the touchstone for the fee ... [is] the actual effort made by the attorney to benefit the class." The court noted that efforts by plaintiff's attorneys in defending its fee application in the district court and on appeal benefitted the attorneys and their client, but did not create, increase, protect, or preserve the fund. It was also noted that, if a plaintiff were to be compensated for efforts to defend its fee request, any common fund member would hesitate to object to any requested fee, since he would thereby incur the risk of decreasing the amount of the fund. Therefore, because there was no benefit to the fund from the services performed in connection with defending the fee application, no fee should be paid from the fund for those services. *But see Pawlak v. Greenawalt*, 713 F.2d 972 (3rd Cir.1983) (award of fees proper if judgment for class results only in equitable relief because class relief will not be diluted by award); *Prandini v. National Tea Co.*, 585 F.2d 47 (3rd Cir.1978) (same, if settlement results in establishment of wholly separate fund from which fees are to be paid).

Here, the receiver analogizes a bank liquidation proceeding to the statutory fee cases, while the committee insists that it is akin to the common fund cases.

We conclude, however, that there is yet a third type of litigation, which is unlike both the statutory fee cases and the common fund cases, but which has some attributes of both. These are instances in which the litigation services are performed by a fiduciary for the benefit of a class of individuals and involve assets in which the class has an interest. They are similar to the common fund cases in the sense that the purpose of the litigation is to preserve the common fund. They are also similar to the statutory fee cases, however, because the proceedings are governed by a statute that specifically provides for an award of fees and expenses.

Examples of this type of proceeding are decedents' estates under state law and debtors' estates under the federal bankruptcy laws. And, we conclude that the proceedings here, which involve services rendered by a receiver, as a fiduciary, to the depositors, as the beneficiaries, are more similar to this type of proceeding than to any other. However, the cases are

not uniform as to whether fees incurred in establishing the right to fees may be recovered in such proceedings.

At least one federal court of appeals has suggested that such fees are recoverable under the federal bankruptcy laws. *In re Nucorp Energy, Inc., supra.* Several federal district courts, however, have rejected this approach and have refused to award such fees. *See In re K & R Mining, Inc.,* 105 B.R. 394 (Bankr.N.D.Ohio 1989); *In re Jessee,* 77 B.R. 59 (Bankr.W.D.Va.1987).

In Colorado, this court has held that neither the personal representative nor the estate's attorney is entitled to recover the fees and expenses associated with litigation involving the question of the propriety of the fees to be awarded them. *In re Estate of Painter,* 671 P.2d 1331 (Colo.App.1983) (*Painter II*) (services of separate counsel hired to represent personal representative and estate's attorney in fee dispute with heirs were not services rendered for benefit of the estate; therefore, fees attributable to such services are not payable out of the estate). *See also In re Estate of Smith,* 718 P.2d 1069 (Colo.App.1986) (improper to reimburse personal administrator for costs of defending against widow's claim; fees must relate to services to benefit the estate and defense of widow's claim did not do so). *But see In re Estate of Painter,* 628 P.2d 124 (Colo.App.1981) (*Painter I*) (fees for first hearing on fee dispute apparently awarded; fees for second hearing resulting because of fiduciary's introduction of irrelevant evidence in first hearing denied).

Here, the services rendered in defending the receiver's fee request were of no more benefit to the depositors than the services in *Painter II* were for the benefit of the estate's beneficiaries. In both cases, the services rendered were for the sole benefit of the fiduciary and its counsel.

Under these circumstances, therefore, we conclude that rendition of such services were of no benefit to the depositors for whom the proceedings were being conducted, and therefore, they were not "reasonable and necessary" for the liquidation of the bank's assets. *See* § 11–22–602(6).

Hence, the court erred in authorizing reimbursement of the fees and expenses incurred as a result of such services.

The judgment of the trial court is reversed, and the cause is remanded to that court with directions to reconsider the amount to be awarded to the receiver pursuant to the statute in light of the views expressed herein.

PIERCE and DUBOFSKY, JJ., concur.