**In the Matter of the ESTATE OF John E. SANTARELLI, a/k/a John Edward Santarelli, Deceased,**

**and**

**John Santarelli, Personal Representative–Appellant,**

**and**

**In the Matter of the Estate of Mary E. Hockinson, a/k/a Mary Elizabeth Hockinson, Deceased,**

**and**

**Anthony Stringari, Personal Representative–Appellant.**

No. 02CA0788.

Colorado Court of Appeals, Div. IV.

June 19, 2003.

Fredrickson & Johnson, P.C., Bryan T. Fredrickson, Canon City, Colorado, for Personal Representatives–Appellants.

Opinion by Judge DAILEY.

In this consolidated appeal of two cases, the personal representatives (PRs) of the estates of John E. Santarelli and Mary E. Hockinson challenge the probate court's orders reducing personal representative and attorney fees. We affirm.

Santarelli died intestate, leaving his two sons an estate valued at $804,387. The estate's assets consisted of a home worth approximately $90,000, household furnishings worth $1,200, $706,637 in bank accounts, and a life insurance policy valued at $7,800. To avoid exposure to federal estate tax liability, the sons—one of whom appears before us as a PR of the estate—agreed to maximize the expenses of administration, including PR and attorney fees. Accordingly, the estate was charged PR fees of $56,307 and attorney fees of $56,307, and the PR filed a petition for formal closing of the estate under C.R.P.P. 8.3.

Hockinson died testate, leaving her entire estate, valued at $613,550.35 and consisting of stocks, bonds, cash, and an insurance policy, to several charities. The estate was administered under informal probate procedures, and pursuant to C.R.P.P. 31(d), a verified closing statement was filed with the court. Along with the statement, the PR filed an accounting of assets reflecting that the estate had been charged PR fees of $30,000 and attorney fees of $30,000.

In both cases, the court sua sponte questioned the appropriateness of the fees because they appeared to be "inconsistent with the apparent demands" of the cases. When the court questioned the fees in the Hockinson estate, the PR filed a C.R.P.P. 8.3 petition to formally close the estate.

The same attorney represented the PRs in both cases. Other than indicating that Santarelli's sons received the PR fees in the Santarelli estate, the attorney initially did not present any substantiation or justification for the fees, arguing only that the court lacked authority sua sponte to inquire about them.

Concluding otherwise, the probate court disapproved the personal representative fees in the Hockinson estate and the attorney fees in both estates. The court referred the matter to a special master, who determined that: (1) the attorney's firm expended 82.7 hours of legal assistant time and 8 hours of attorney time on the Santarelli estate and 54.4 hours of legal assistant time and 6.6 hours of attorney time on the Hockinson estate; and (2) the attorney's firm customarily charged $95 per hour of legal assistant time and $160 per hour of attorney time.

The master recommended that fees be allowed for all time expended, at the attorney rate of $160 per hour. Rounding the resultant figures "up slightly" in each case, the master recommended, and the probate court allowed, attorney fees of $15,000 in the Santarelli estate and $10,000 in the Hockinson estate. The probate court also allowed PR fees of $10,000 in the Hockinson estate.

On appeal, the PRs again contend that the probate court lacked authority to sua sponte inquire into the propriety of PR and attorney fees charged against the estates. We disagree.

The PRs acknowledge that probate courts are authorized, under § 15-12-721(1), C.R.S. 2002, to review compensation of PRs and attorneys "[a]fter notice to all interested persons or on petition of an interested person or on appropriate motion if administration is supervised." However, they point to the general comments to Article 3 of the Uniform Probate Code (UPC), upon which the Colorado Probate Code is patterned:

> Overall [the UPC] accepts the premise that the Court's role in regard to probate and administration ... is wholly passive until some interested person invokes its power to secure resolution of a matter. The state, through the Court, should provide remedies which are suitable and efficient to protect any and all rights regarding succession, but should refrain from intruding into family affairs unless relief is requested, and limit its relief to that sought.

Thus, the PRs argue, probate courts should strictly adhere to C.R.P.P. 33, which provides in relevant part:

> In formal proceedings to terminate decedents' estates, the court shall not inquire into the appropriateness of payments of claims against the estate or expenses of administration, provided notice has been given in accordance with Rule 8.3 and absent timely objection filed by an interested person. The court may review such matters as it determines necessary, on a case-by-case basis and for good cause shown.

We conclude that an overall goal of avoiding unrequested court involvement does not remove a probate court's authority to sua sponte review probate administration fees. Indeed, C.R.P.P. 33.1, entitled "Compensation for Personal Representatives and Attorneys," provides, in pertinent part:

> In the absence of *unusual circumstances,* the court may review [personal representative and attorney] fees in decedents' estates only (1) upon petition or motion of an interested person or (2), in the case of formal proceedings terminating estates, if notice has not been given in accordance with Rule 8.3. *If the court on its own motion in a decedent's estate orders a review of personal representatives' fees or attorneys' fees, such order shall state the unusual circumstances which make such a review advisable.*

(Emphasis added.)

■ Under a plain reading of this rule, a probate court is permitted in "unusual circumstances" to sua sponte inquire about the

propriety of personal representative and attorney fees. Other jurisdictions have similarly recognized such authority in their courts. *See Snow v. Mikenas,* 373 Mass. 809, 812, 370 N.E.2d 1001, 1003 (1977)(probate court was entitled to inquire sua sponte into the reasonableness of contingent fee agreements between legatees or heirs and their attorneys); *In re Bobeck,* 196 A.D.2d 496, 497, 600 N.Y.S.2d 758, 759 (1993)("[C]ontrary to the appellants' contentions, there is nothing in the language of the court rules or the statutes which would restrict the [court's] inherent power to review the amount of attorneys' fees set forth in the accounting." (citations omitted)).

■ The issue here, then, is whether the circumstances of the Santarelli and Hockinson estates qualify as "unusual circumstances" permitting sua sponte review by the probate court.

■ No Colorado appellate case has discussed the meaning of the phrase "unusual circumstances" in C.R.P.P. 33.1. Nonetheless, like the probate court, we conclude that "unusual circumstances" exist when, on their face, fee charges appear not to comply with statutory criteria for determining fees. *See* § 15–12–721, C.R.S.2002 (setting forth factors for determining reasonableness of fees).

Here, the probate court likened the fees in these cases to, in the one instance, an unauthorized gift and, in the other instance, a simple percentage of the estates' assets, which is improper absent further justification. *See In re Painter's Estate,* 39 Colo. App. 506, 507, 567 P.2d 820, 822 (1977)(Colorado Probate Code "substitutes a standard of reasonableness for the former percentage method of setting fees for personal representatives and attorneys").

Given the lack of any dispute regarding the distribution of assets and the routine nature of asset administration in the two cases, the court's concern about the propriety of the fee amounts was sufficient to warrant further inquiry on the court's own motion. And, absent substantiation or justification for those amounts, the court was authorized to order a reduction in fees. *See generally In re Painter's Estate, supra,* 39 Colo.App. at

509, 567 P.2d at 823 (fees awarded to the administrator and attorney for routine services were excessive).

■ We reject the argument that such authority in the court could not be exercised where, as in Hockinson's case, the estate is subject to informal probate administration. The Colorado Probate Code envisions the use of formal probate procedures, informal probate procedures, and combinations thereof, and the PR's petition under C.R.P.P. 8.3 to formally close the Hockinson estate converted the informal proceeding into a formal one. *See In re Estate of Spencer,* 313 Mont. 40, 59 P.3d 1160, 1163–64 (2002).

■ Finally, because the PRs have not challenged the reasonableness of the actual fees awarded by the probate court, we do not address that issue.

Accordingly, the orders are affirmed.

Judge ROTHENBERG and Judge KAPELKE concur.